## Marion County v. Spalding.

(Decided December 2, 1910.)

## Appeal from Marion Circuit Court.

1. Court Records—Indexes Obliterated, Torn and in Ruinous Condition—Transcribing—Statutory Requirement.—In the matter of transcribing into new books certain indexes of the Marion circuit court that are "obliterated, torn, or in a ruinous condition," under sections 1632, 1633 and 1634, Ky. St. Held, that it was entirely within the discretion of the Marion circuit court to have this work done, but in doing it the court had not the right to incorporate in the new book, books or records not included in the old that were not obliterated, torn or in a ruinous condition, or create a new record and impose the cost of this additional work on the county. Appellee, however, who did the work should be paid a reasonable price for all the work done that was necessary in copying such individual indexes as were obliterated, torn or in a ruinous condition, including such work of comparison as was reasonably necessary to verify the transcript; also the work necessary to change the indexes so as to show in the style of the case the names of decedent or person represented.

2. Danger of Delay—Compensation Allowed.—We furthermore conclude that it was not necessary for the court to wait until the books or records were so obliterated, torn or in such condition as to make the work of transcription almost an impossibility, but that he had the power and discretion to act beforehand, and thus preserve the records of the court, which might not be susceptible of transcription if he delayed much longer. The Marion circuit court gave judgment in favor of appellee for $1,500.00.

3. Value of Service Rendered.—Held, it is manifest from this judg-

ment •that the court allowed appellee to recover only the value of the services for transcribing the individual indexes, and that the court was of the opinion that such indexes were so obliter-ated, torn, or in such ruinous condition, as to make the work of transcription reasonably necessary.

HENRY S. McELROY for appellant.

WM. M. SPALDING and BROWN & NUCKOLS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-MISSIONER—Affirming.

On October 20, 1906, the Marion circuit court, acting on the recommendation of a committee of the lawyers of the Marion county bar, entered the following order:

"It appearing to the court from personal observation and from the statements of the attorneys of this bar that there has never been made or kept by the clerk of this court a general index to the civil orders of this court and that such index is badly needed for the convenience of the office of said clerk, the attorneys, and the public generally, the single indexes being badly worn and defaced:

"It is therefore now ordered that the clerk of this court, Tom B. Spalding, proceed to procure at once a suit-able book for said purpose and make said general index of all the civil orders heretofore made in this court. Said index shall be made in type, and shall be a cross index of both plaintiffs and defendants in each case in which orders have been made including the names of decedents, assignors, and persons represented by others acting in a trust capacity, as well as names of the trustees or rep-resentatives, and shall place the pages and number of the order book in which all judgments are entered in a col-umn to themselves, marked 'judgments.' And the two first letters of each party to a suit shall be in alphabeti-cal order. Said work when completed and accepted by this court to be paid for by Marion county at the rate now fixed by law for indexing; unless otherwise ordered, the court reserving the right to modify the amount to be paid for service under this order when the work is completed, and in the event that said clerk's tenure in office expires by limitation or otherwise, before said work is completed and accepted, such part of said index as has been com-pleted shall be paid for as indicated above."

Pursuant to the above order, appellee, Tom B. Spald-ing, obtained a large book for the purpose, and he and

his son worked thereon for, approximately, two years. His daughter also did some work in connection with the matter, as did John M. Cooper, who worked continuously for about three months during the summer of 1907. Two others were employed on the book for a few days, the exact time not being shown.

Charging that the time, labor and money expended by him in preparing and completing the book was reasonably worth the sum of $4,166.80, appellee brought this action against Marion county to recover that sum. Appellant first demurred to the petition, and then answered denying its allegations. Proof was heard and the case submitted to the court, and judgment entered in favor of appellee for the sum of $1,500. From that judgment Marion county appeals, and appellee prosecutes a cross appeal.

Among the records of the Marion circuit court are twenty-seven order books with individual indexes. At the time the order directing the work was entered, these books were brought into court and placed before the judge. The information contained in each of the indexes is the style of the case and the pages upon which any orders, step, judgment or decree in that case appears. The indexes are designated by the same letters of the alphabet as the order books to which they belong respectively.

The book which appellee and his assistants made has about 400 pages, and contains the following matter in typewritten form:

"1. A consecutive transcript or copy of the individual indexes, except that the judgment or judgments in each case are placed in a separate column for ready reference.

"2. A cross index showing the name of the first defendant and first plaintiff in each action, the year of the filing and the number of the action.

"3. In the individual indexes the names of personal representatives, fiduciaries, and persons acting in other representative capacities are given in the style of the case rather than the name of the decedent of the person represented."

This arrangement having been found to be unsatisfactory, appellee was directed to copy, not only this portion of the individual records, but also to show in the book in controversy the name of the decedent or person represented.

As appellee made no charge for the work of indexing during his term of office, no question of a change of com-

pensation during that time is involved, as the work was entirely outside and independent of his duties as clerk. On this appeal it is insisted by Marion county that the circuit judge had no right to order the records transcribed at all; or, if he did, the amount allowed was far in excess of what would be a reasonable compensation for the services performed.

Sections 1632, 1633 and 1634, of the Kentucky Statutes, are as follows:

"Sec. 1632. Any county court may order any of the books or records in the clerk's office of such court, or in the office of the surveyor of the county, to be rebound; or, when obliterated, torn, or in a ruinous condition, to be transcribed in new books, and shall make a reasonable allowance therefor, which shall be chargeable to the county.

"Sec. 1633. All courts having jurisdiction greater than the county court shall have the same power over the books and papers in their respective clerk's offices as is conferred in the preceding section upon the county courts. All expenses incurred by such courts in this regard shall be paid out of the county levy as other claims, except that such expenses incurred by the Court of Appeals shall be paid out of the State treasury upon the warrant of the auditor to be issued when the order of the court directing the expense incurred and a statement of the costs of the same is filed in his office.

"Section 1634. Any book so transcribed, examined by the judge of the court, and an order made on the records of the court that the same is correct, shall have the same faith and credit that the book or record transcribed was entitled to."

It is appellant's contention that these sections authorize the court to order transcribed into new books only those indexes that are obliterated, torn, or in a ruinous condition, and do not authorize the court to have the individual indexes transcribed into one book. In our opinion the above sections of the statutes, reasonably construed, contain the only authority for the court's action in the premises. The statute does not require that the record or books shall be transcribed in a new book of the same kind and character. We conclude that it was entirely within the court's discretion to have such of the indexes as were obliterated, torn, or in a ruinous condition transcribed into one book for greater convenience. In doing this, however, the court had not the right to in-

corporate in the new book, books or records not included in the old, that were not obliterated, torn, or in a ruinous condition, or create a new record and impose the cost of this additional work upon the county. Appellee, however, should be paid the reasonable price of all work that was necessary in copying such individual indexes as were obliterated, torn, or in a ruinous condition, including such work of comparison as was reasonably necessary to verify the transcription; also the work necessary to change the indexes so as to show in the style of the case the name of the decedent or person represented. We furthermore conclude that it was not necessary for the court to wait until the books or records were so obliterated, torn, or in such a ruinous condition as to make the work of transcription almost an impossibility, but that he had the power and discretion to act before hand, and thus preserve the records of the court which might not be susceptible of transcription if he delayed much longer.

According to appellee's evidence, which was furnished by him and several witnesses of experience in doing similar work, all the work which he performed was reasonably worth about $3,500. According to appellant's evidence, the work of transcription, including the cost of the book, was worth from $383.40 to $1,300. It appears that, before the order directing the work to be done was entered, the judge had the order books and individual indexes before him. During the trial, the order books and individual indexes were also brought into court. While appellee testified that some of them were legible, his evidence shows that the majority of them were torn considerably and defaced, and it would be very difficult, hard and tedious to use them in the event one desired to find the orders and judgments in any case.

The judgment in this case contains the following:

"This cause having been heretofore submitted to the court for opinion and judgment upon the pleadings, proof and exhibits, and the arguments of counsel and the court being sufficiently advised, is now of opinion and adjudges that the court had the right and authority to enter the order directing the clerk to transcribe the individual indexes described in the evidence and to order such transcription to be embraced in one book, and to order a reasonable compensation for such services and expenses to be paid by Marion county."

The court then gave judgment in favor of appellee in the sum of $1,500. It is manifest from the foregoing

judgment that the court allowed appellee to recover only the value of his services for transcribing the individual indexes, and the court was of the opinion that such indexes were so obliterated, torn, or in such a ruinous condition as to make the work of transcription reasonably necessary. It may be that some of the indexes so transcribed were not in such condition as to require that they be transcribed, but in view of the fact that the evidence tends to show that for the work of transcription appellee was entitled to more than the court gave him, we can not say, even conceding that there were a few indexes that did not require transcribing, that appellee received more than he was entitled to.

On the whole case, we see no reason for reversing the judgment of the circuit court, and it is, therefore, affirmed, both on the original and cross appeal.