### Bell County v. Rice.

(Decided June 13, 1922.)

#### Appeal from Bell Circuit Court.

Courts—Records—Copying Indexes—Authority of Court to Direct —Cost—Liability of County.—Section 1632, Kentucky Statutes, 1909, declares that any county court may order any books or records in the clerk's office to be rebound, or, when obliterated or in a ruinous condition, to be transcribed into new books and make reasonable allowance to be charged to the county. Section 1633

provides that all courts having jurisdiction greater than a county court shall have the same power over books and papers in their respective clerks' offices as is conferred on county courts: Held, that where the indexes to all order books in the circuit court clerk's office were in a "torn and mutilated condition," the circuit court had the power to order them transcribed at the expense of the county and to require any needful change in the method of indexing.

N. R. PATTERSON for appellant.

H. C. RICE and JAS. H. JEFFRIES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

R. B. Rice brought suit against Bell county and the members of the fiscal court to recover the sum of $2,000.00 allowed him by the Bell circuit court for his services in preparing an index to the orders and judgments of that court. Their demurrer having been overruled, the defendants declined to plead further and judgment was rendered in favor of plaintiff. The defendants have appealed.

The allegations of the petition are in substance as follows: Rice was the clerk of the Bell circuit court from 1910 to 1916. On January 26, 1910, the Bell circuit court entered the following order:

"It appearing to the court from his own knowledge that as the records and books of the clerk's office of this court are now indexed, which is the usual system of indexing all order books in the different circuit clerks' offices of this state, that persons desiring to. find judgment against any person, same cannot be found without first learning the name of the plaintiff in the suit, or depending upon the memory of the clerk for such information, and on account of the torn and mutilated condition of indexes to all order books, it is now ordered by the court that R. B. Rice, clerk of this court, make a complete index of all plaintiffs and defendants, so for as same can be done from the order books of his office, using such system as is by him deemed the most practicable and easy of use by the general public.

"He will index both plaintiffs and defendants, giving name of order book and page where judgment is recorded or case finally disposed of. Cases or suits which have an unchanged number may be indexed by name and number

and not by order book and page.  When he shall have completed such indexing he will present his bill therefor to this court for allowance, to be paid by the fiscal court of Bell county, Kentucky, and for the purpose of making such index he is hereby authorized to order such books as is necessary for that purpose, to be paid for by said fiscal court.''

Rice prepared the index in conformity with this order, covering the period from 1875 to 1916.  Upon the completion of the work, Rice asked an allowance of $2,500.00 for his services.  Notice of the filing of the claim was served on the judge of the Bell county court and also on the county attorney.  After hearing evidence on the question, the Bell circuit court found Rice's services to be reasonably worth $2,000.00, and entered an order directing the fiscal court of Bell county to pay him that sum.  The fiscal court having refused to pay, this suit followed.

The work was ordered under sections 1632 and 1633, Kentucky Statutes, 1909, which are as follows:

''Section 1632.  Any county court may order any of the books or records in the clerk's office of such court, or in the office of the surveyor of the county, to be rebound; or, when obliterated, torn, or in a ruinous condition, to be transcribed in new books, and shall make a reasonable allowance therefor, which shall be chargeable to the county.

''Section 1633.  All courts having jurisdiction greater than the county court shall have the same power over the books and papers of their respective clerks' offices as is conferred in the preceding section upon the county courts. All expenses incurred by such courts in this regard shall be paid out of the county levy as other claims, except that such expenses incurred by the Court of Appeals shall be paid out of the state treasury upon the warrant of the auditor to be issued when the order of the court directing the expense incurred and a statement of the costs of the same is filed in his office.''

The county insists that the main purpose of the order as shown on its face was to provide the court with a new system of indexing, and as the order did not show that the indexes were ''obliterated, torn or in a ruinous condition,'' but merely stated that they were torn and mutilated, the facts were not such as to authorize the court to enter the order.  Doubtless, under the statutes then in force, the court was without power to order the work

done merely for the purpose of providing a new index system, but that was not the sole ground for the court's action. The other reason assigned was "the torn and mutilated condition of indexes to all order books," which appeared to the court "from his own knowledge." While the statute uses the words "obliterated, torn or in a ruinous condition," there can be no doubt that the words "torn and mutilated condition" mean the same thing; and, if this condition existed, the court had the power to order the indexes transcribed at the expense of the county and to require any needful change in the method of indexing. Marion County v. Spalding, 141 Ky. 27, 131 S. W. 1019. It follows that the demurrer to the petition was properly overruled.

Judgment affirmed.