## Allin v. Mercer County and Fiscal Court of Mercer County.

(Decided March 13, 1917.)

### Appeal from Mercer Circuit Court.

1. Clerks of Courts—Compensation for Services—Fiscal Courts.— The fiscal court being a court of limited jurisdiction, and having no power to appropriate county funds, except as authorized by law to do so, its refusal to make an allowance to the clerk of the circuit court for services, for which the law of the state fixed no compensation, was not error.

2. Clerks of Courts—Compensation and Fees of Clerks.—The clerk of the circuit court is not entitled to compensation for removing, rearranging or relabeling the records of his office, in the absence of a statute providing compensation for such services.

3. Officers—Compensation for Services—Statute.—As section 1749, subsection 1, Kentucky Statutes, declares that "no officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed on a compensation therefor;" . . . . when the state requires services to be performed by its officers, for which no remuneration is allowed by law, they must be regarded as ex officio services, for which no charge can be made.

4. Officers—Claim of Against State or County.—State and county governments never become debtors, by implication, to any of their officers or agents. In order to show that the state or county is responsible for a claim, the claimant must show a legal obligation on the part of the state or county to pay it.

E. H. GAITHER and C. E. RANKIN for appellant.

J. F. VANARSDALL and C. T. CORN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

This action was brought by the appellant, Ben C. Allin, in the Mercer circuit court, against the appellees, Mercer County and Fiscal Court of Mercer County, to

compel the payment by the latter of a claim of $1,100.00
for certain services performed by him as clerk of the
Mercer Circuit Court, which will later be specifically set
forth and considered in the opinion; it being alleged in
the petition that the services referred to were, and are,
reasonably worth the sum of $1,100.00, which sum was
allowed him by an order of the circuit court and certi-
fied to the fiscal court for payment, but that the latter
court, upon presentation of the claim, refused to pay the
same or any part thereof.

Appellees filed a general demurrer to the petition
which the circuit court sustained. Appellant failing to
plead further, judgment was entered dismissing the pe-
tition and awarding appellees their costs. Hence this
appeal.

The claim asserted by appellant grew out of the fol-
lowing state of facts: In 1912 the old court house of
Mercer county, at Harrodsburg, was torn down to make
room for a new court house, prior to which time the office
of the clerk of the Mercer circuit court and the records
of that court were kept in a small brick office located
in the court house yard near the court house. In erect-
ing the new court house an office for the clerk of the
Mercer circuit court was provided for therein. Before
tearing down the old clerk's office in the court house yard
the fiscal court of Mercer county, under whose super-
vision the new court house was erected, by an order en-
tered of record, directed the appellant, Ben C. Allin,
circuit court clerk, to remove the records of his office
to a room or rooms in the basement of the Hotel Har-
rod, situated near the court house, rented for that pur-
pose. This order was obeyed by appellant, who main-
tained his office in the hotel basement, where the records
were kept, until the completion of the new court house,
about a year later. When the new court house was ready
for occupancy the following order was entered by the
Mercer circuit court at its October term, 1913:

"It appears to the court that certain records, to-wit:
the old suits which have been taken from the dockets and
filed away were removed by order of the county court to
the Harrod Hotel building; and it appearing that in or-
der to properly preserve same, it is necessary and it
is now ordered, that same be removed to the court house
and rearranged in the circuit clerk's office therein; and
Ben C. Allin, the clerk of this court, is directed to remove
and rearrange said suits in the proper order, and the
cost of same will be certified to the fiscal court of Mer-

cer county for payment." The account presented by appellant for the services performed by him under the above order is in words and figures as follows:

"Mercer County

To

"Ben C. Allin, Clerk Mercer Circuit Court. Dr.

"1916—Feb. 1st. To services rendered in removing records, books, etc., from temporary office in Hotel Harrod to present office in Court House, and rearranging and relabeling 22,000 old suits at 5c per suit, per order Mercer Circuit Court ........................................................$1,100.00

"Which was sworn to by said Allin, allowed and ordered to be certified to the Fiscal Court of Mercer County for payment."

Notwithstanding its allowance of the above account and the certification thereof to the fiscal court for payment, the Mercer circuit court subsequently became convinced that its allowance was unauthorized by law and, for that reason, sustained appellees' demurrer to the petition filed by appellant for its recovery; and the sole question presented for our decision by the appeal is, Does the petition state a cause of action for such recovery?

Recurring to the account stated, it will be observed that the services charged for were rendered by appellant "in removing records, books, etc., from temporary office in Hotel Harrod to present office in court house and rearranging and relabeling 22,000 old suits." While the petition states that the work performed by appellant consisted in rearranging, relabeling and classifying the records in such a way as to preserve them and make them easy of identification, which entailed upon him great expense, time and labor, we assume, in the absence of an averment to the contrary, that the relabeling was done by restoring to each bundle of papers a paper label similar to those formerly used upon them, and it appears from further statements of the petition that the rearranging and classifying of the records was done by depositing them, according to serial number, in metal boxes provided by the fiscal court for that purpose. But whatever may be the averments of the petition they cannot enlarge the nature or character of appellant's services beyond what is stated in the account, which, being filed with the petition and made a part thereof, constitutes the basis of the action.

It, therefore, becomes necessary to ascertain whether the services charged for in the account are such as legally entitle appellant to the compensation claimed therefor. If they are, the fiscal court should have paid him for them. If they are not, the rejection of his claim by that court was not unauthorized. If the law allows no compensation for the services rendered by appellant, it must necessarily follow that neither the approval of his account by the circuit court nor its certification to the fiscal court for payment, gave it any validity. Section 372, Kentucky Statutes, requires every clerk of a court and deputy, in addition to the oath prescribed by the constitution, to take the following oath:

"I do swear that I will well and truly discharge the duties of the office of ————, according to the best of my skill and judgment, making due entries and records of all orders, judgments, decrees, opinions and proceedings of the court and carefully filing and preserving in my office all books and papers which shall be delivered me in charge, or otherwise come to my hands or possession by virtue of my said office; . . ."

Section 1720, Kentucky Statutes, contains a schedule showing the services for which the circuit clerk may charge and the compensation allowed therefor, and sections 1721 to 1725, inclusive, regulate the compensation by way of fees and commissions on fines and forfeitures he is entitled to receive, and for such other services as are not included in the schedule contained in section 1720.

Section 1840, Kentucky Statutes, defines the powers and jurisdiction of the fiscal court, but gives it no power to appropriate money for any purpose without express legislative authority. Section 1632, Kentucky Statutes, provides that "any county court may order any of the books or records in the clerk's office of such court, or in the office of the surveyor of the county, to be rebound; or, when obliterated, torn, or in a ruinous condition, to be transcribed in new books, and shall make a reasonable allowance therefor, which shall be chargeable to the county. Section 1633 provides, in substance, that all courts having jurisdiction greater than the county courts shall have the same power over the books and papers in their respective clerks' offices as is conferred in section 1632 upon the county courts, and that the expense incurred by such court therefor shall be paid out of the county levy as other claims. In this connection, it is to be remarked that the only authority conferred by sec-

tions 1632-1633, *supra*, either on the county or circuit court, is confined to the particular matters therein specified, among which cannot be found any provision allowing compensation for such services as the appellant is here claming, viz: the rearranging or classifying of records. Marion Co. v. Spalding, 141 Ky. 27. Indeed, our examination of the statutes that may be said to bear directly or remotely upon the duties of the circuit clerk and the matter of compensation for the services he is required to perform as such, convinces us that they contain no provision allowing compensation for such services as are shown by appellant's account to have been performed by him. We do find, however, that section 1749, sub-section 1, Kentucky Statutes, declares that "no officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed on a compensation therefor; nor any fee for services not actually rendered." In Wortham v. Grayson County Court, 13 Bush, p. 53, Wortham, the clerk of the Grayson county court, presented to the fiscal court of that county a claim of $255.69 and asked that it be allowed by the court and paid out of the county levy then about to be made by the court. All of the claim was allowed except the sum of $123.44, which the fiscal court rejected because the various items of fees making up the amount were for services performed by the clerk for which the law allowed no compensation. On appeal the judgment was affirmed upon the ground that the services constituting the rejected claim were such as the law made no provision for paying, and, as said in the opinion:

"When the state requires services to be performed by its officers, for which no remuneration is allowed, they must be regarded as *ex-officio* services, for which no charge can be made. This may seem a great hardship on the person who performs the services; but he must remember that all the citizens of any government perform public services without remuneration, except the protection and security to life, liberty, and property afforded by it. As there is no law making it obligatory on the county of Grayson to pay any of appellant's claim which was rejected by it, and as the court allowed all of the claim presented by appellant for which he had a right to charge, the judgment of the lower court must be, and the same is, affirmed."

In Morgantown Deposit Bank, &c., v. Johnson, Sheriff, &c., 108 Ky. 507, the same question was presented for

decision upon the following state of facts:  The fiscal court of Butler county, by an order duly entered upon its records, allowed to the clerk of the county court $350.00 for recording school census reports for the years 1894, 1895, 1896, and 1897, payable out of the county levy for the year 1898.  The clerk subsequently assigned the claim thus allowed to the Morgantown Deposit Bank, which instituted suit against Johnson, the sheriff of Butler county, making a copy of the order of the fiscal court an exhibit with the petition and alleging that Johnson had collected the tax levy for the year 1898, out of which the claim was payable, that it was due and he had refused payment. Johnson answered and admitted that he had collected the money, but alleged that he had been informed by the county judge and county attorney that the order had been illegally obtained and was void; and that it had been subsequently rescinded by the fiscal court, · for which reason, he had been instructed not to pay it. His answer was made a cross-petition against the county and it was called upon to set up any defense it might have to the payment of the claim.  Thereupon, the county entered its appearance and filed a general demurrer to the plaintiff's petition on the ground that it did not state facts sufficient to support a cause of action. The demurrer was sustained by the circuit court both as to the sheriff and Butler county, and the plaintiff refusing to plead further, its petition was dismissed and an appeal prosecuted from the judgment manifesting these rulings.  In affirming the judgment we, in part, said:

''The fiscal court is a court of limited powers, and has no jurisdiction to appropriate county funds except as it is authorized by law to do so (see Kentucky Statutes, section 1840), and there is no provision of the statute which authorized it to pay the county court clerk for his services in recording the lists of children, filed in his office by the trustees of the school districts, as provided by Kentucky Statutes, section 4449; and it is expressly provided in sub-section 1, section 1749, that no officer shall demand or receive any fee for services rendered when the law has not fixed a compensation  therefor. This provision of the statute was construed in the case of Wortham v. Grayson County Court, 13 Bush 53, and it was held that, when the statute requires services to be performed by its officers for which no remuneration is provided, they must be regarded as *ex-officio* services, for which no charge can be made.

"It is insisted that under the provisions of section 4374, Kentucky Statutes, the fiscal court was authorized to provide for the payment of this claim. That section is a provision of the common school law, and provides that 'no fees to county judges or clerks, or other incidental expenses, shall be paid out of the distributable share of the revenue apportioned to any county, but that such payments, when allowed by the fiscal court, shall be paid out of the county levy.' This section does not undertake to provide for or direct the payment by the fiscal court of the fees of the county court clerk for the services sued for. It simply prohibits appropriating any part of the school fund for such services, and, until the legislature fixes the particular fees which are to be paid for such services, nothing can be legally charged or collected therefor out of the county levy. It, therefore, follows that the fiscal court had no authority originally to make the allowance and its order at the October term, 1897, allowing $350.00 to Butler for his services in recording these reports was void and no enforceable rights were acquired thereunder, either by him or his assignee. For reasons indicated the judgment is affirmed."

As it is manifest that the services for which appellant here claims compensation were such as the opinions in the cases, *supra*, declare to be *ex-officio* services, for which the law provides no remuneration, the claim was properly rejected by both the fiscal and circuit courts. Hence, the judgment of the latter court in sustaining the demurrer to the petition was not error. Judgment affirmed.