## Graves County v. Roach, Sheriff.

(Decided February 16, 1923.)

## Appeal from Graves Circuit Court.

1.  Taxation—Increase in Assessment—Notice—Duty of Sheriff.—It is
    the duty of the sheriff of a county to notify all taxpayers of in-
    creases in their assessments made by the board of supervisors; and
    section 4122 of Kentucky Statutes provides that he shall be al-
    lowed a reasonable compensation for his services, to be paid out
    of the county levy. Held that the statute applies not only to in-
    creases in assessments made on an original supervision but also
    on the supervisions enjoined by the State Tax Commission.

2.  Taxation—Reassessment—Costs.—Cost incurred by the State Tax
    Commission in directing the board of supervisors ·of a county to
    reassess the property therein for taxation must be borne by the
    state; but the cost incurred by the board of supervisors in comply-
    ing with the direction of the commission, including the cost of
    notifying taxpayers of increases in assessments, must be borne by
    the county.

HOLIFIELD, GARDNER & McDONALD and HOUSTON BROOKS
for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirm-
ing.

This is an appeal from a judgment of the Graves cir-
cuit court awarding Lois Roach, sheriff of Graves
county, $1,489.80 as compensation for services rendered
the county in serving notices on the taxpayers therein of
increases in assessments made in obedience to the rul-
ings of the State Tax Commission.

There is no controversy as to the extent of the serv-
ices rendered. The tax commissioner of Graves county
made an assessment of the property in the county as of
July 1, 1921, and certified it to the county clerk of the
county, who in turn certified the assessment to the State
Tax Commission. The Commission directed an increase
in the assessment of two million, five hundred thousand
dollars, and thereupon the county judge of Graves county
appointed a board of supervisors to supervise the assess-
ment made by the tax commissioner conformable to the
demands of the State Tax Commission. The board in-
creased the assessment one million, four hundred and
twenty-seven thousand, two hundred and ninety-seven

dollars, which was certified to the State Tax Commission. The Commission refused to accept the increase and the county judge reconvened the board of supervisors, which increased the assessment to the amount originally demanded by the Commission. The latter assessment was certified to the sheriff, who served notice on each of more than five thousand persons whose property had been raised. She presented a bill of $2,005.00 to the fiscal court of Graves county for this service, which the court refused to pay. She then appealed to the Graves circuit court. The county resisted the suit in the circuit court on two grounds: First, that the fees were chargeable to the State Tax Commission and not to the county; and second, that the charges were unreasonable.

One of the contentions under ground one is that a county cannot become indebted by implication and, there being no statutory authority for the payment of these fees by the county, the judgment cannot be sustained. It is true that a county government cannot become indebted to its officers or agents by implication. Wortham v. Grayson County Court, 76 Ky. 53. It is likewise true, under subsection 1 of section 1749 of Kentucky Statutes, that a county officer is not permitted to demand or receive any fee for service rendered when the law has not fixed the compensation therefor. We cannot, however, agree with counsel that there is no statutory authority for compensating a sheriff for services rendered the board of supervisors. Section 4122 of Kentucky Statutes imposes on the sheriff the duty of notifying the taxpayers whose assessments have been increased by the board, and it provides that he shall be allowed a reasonable compensation for his services, to be paid out of the county levy. It would be an unreasonable view of this provision of the law to say that the duty of the sheriff to notify a taxpayer of the increase in his assessment is limited to the original supervision of the assessment and does not include the supervision enjoined by the State Tax Commission. The requirement manifestly extends to every increase made by the board, and under the statute the county must compensate the sheriff for his services.

It is earnestly argued, on the authority of Fayette County, etc. v. Wells, etc., 195 Ky. 608, that the cost of the revaluation made by the board of supervisors at the insistence of the State Tax Commission must be borne

by the Commission. We do not concur in that interpretation of the opinion. It holds, and we think expresses the view, that the cost incurred by the State Tax Commission in directing the board of supervisors to revalue the property must be borne by the state, but it does not hold that the cost of the reassessment made by the board of supervisors shall be chargeable to the state. That cost must be borne by the county, for it would be patently unfair to require the state to pay the cost of a reassessment made necessary by the dereliction of the county. If the assessment made by the board of supervisors under the orders of the State Tax Commission was proper —and it is to be presumed that it was since it is not attacked in the manner provided by law—then the board did under compulsion what it ought to have done in the first instance and in the doing of which it would have incurred the same costs that it later incurred and is now seeking to impose upon the state. Certainly by failing to do its duty it ought not to be permitted to place on the State Tax Commission an expense that it would have incurred itself had it done its duty in the first instance. Our conclusion, therefore, is that the county is liable for the reasonable cost of notifying the taxpayers of the increases in their assessments.

The second contention we need not discuss further than to say that the reasonableness of the charges made by appellant was passed on by a jury. It is not seriously contended that the finding of the jury is contrary to the evidence or that the award exceeds the value of the services rendered.

The judgment is affirmed.