## Board Drainage Commissioners McCracken County v. Alliston.

(Decided March 16, 1923.)

### Appeal from McCracken Circuit Court.

1. Officers—Additional Duties May be Imposed Without Additional Compensation.—Public officers may be required to perform additional duties, even though no provision of law is made whereby they shall receive additional compensation therefor.

2. Drains—Sheriff is Entitled to Commissions for Collecting Drainage Assessment.—Under Drainage Act 1918 (Ky. Stats., Supp. 1918, section 2380b, subsection 40), giving officers performing services in proceedings under the act the same fees as are allowed by statute for like services, and other sections requiring the sheriff to collect the drainage assessments in the same manner he collects state and county taxes, the sheriff is entitled to the same commissions for collecting drainage assessments which he receives for collecting state and county taxes.

3. Drains—Request by Proper Authority Not to Collect Estops Subsequent Claim for Failure to Collect.—Where the sheriff is requested by duly constituted authority to refrain from collecting the interest and penalties on delinquent drainage assessments, the drainage commissioners are estopped, after the expiration of the sheriff's term when he no longer can collect such interest and penalties, from holding him personally liable therefor, especially where the district could still collect such interest and penalties so that it was not prejudiced.

4. Drains—Board has Authority to Direct Sheriff not to Collect Penalties.—Under Drainage Act 1918 (Ky. Stats., Supp. 1918, section 2380b, subsection 27), authorizing the board of drainage commis-

sioners. if it believes the welfare of the property owners will be best served by not requiring the collection of the minimum district assessment for any number of years not to exceed five, to fix the time when the first annual assessment shall become payable, the board has authority to direct the sheriff, for the time being, not to collect interest and penalties which have accrued on such assessments.

5. Drains—Sheriff is not Chargeable with Interest on Drainage Assessment Collections.—Since the Drainage Act makes no provision for charging a sheriff or collecting officer with interest on the assessments remaining in his hands after the 1st of December of each year, and it would be impracticable for the sheriff to make immediate settlement for such collections, in view of the volume of business he must do within the last few days before the penalties accrue, the drainage board cannot require the sheriff to pay interest on collections made by him and not turned over to the board for several months thereafter.

WHEELER & HUGHES for appellant.

C. C. GRASSHAM and L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant is a body corporate organized under the provisions of the drainage acts of this state.

Mayfield Creek Drainage District Number One is located in the counties of Graves, McCracken, Ballard and Carlisle, and has been established as such under authority of law, and appellant has charge of the same insofar as it lies in McCracken county.

Appellee was, in 1921, the sheriff of McCracken county, but his term of office expired on the last day of that year.

In December, 1920, the plaintiff certified to the defendant, as such sheriff, a list of the annual assessment installments for that county to be collected from the several parties within the drainage district in that county.

In this action by the drainage commissioners it is sought to recover from appellee, then sheriff, certain commissions alleged to have been retained by him out of the drainage assessments so collected by him in 1921, the claim of plaintiff being there is no provision of law for the charge by the sheriff of such commissions. It is likewise sought to recover from defendant certain penalties and interest which it was his duty to collect and account for, as alleged, on delinquent drainage assessments during that year, and interest on payments made

by him to the drainage board after the first day of December, 1921, which then were due, as alleged, and which were thereafter paid by the sheriff to the board.

The lower court sustained a demurrer to the paragraph of the plaintiff's petition asserting a claim against defendant for commissions so retained on the amount collected by him, but overruled his demurrer as to the other claims for interest and penalties.

The defendant then filed an answer wherein he admits, as alleged in the petition, that he did not collect any penalties or interest upon amounts collected by him for the reason that the plaintiff instructed the defendant not to collect either penalty or interest on such amounts at that time, and that following such instructions he did not do so and has not done so; but that if either such penalties or interest was then due from any of the parties in the drainage district, the same is still due and owing by such persons and are, under the provisions of the drainage law, a lien upon the lands of such parties and still collectible by the plaintiff, and relies upon these things as an estoppel against the plaintiff to claim or collect same from him.

The plaintiff filed a demurrer to this answer and the same was overruled, whereupon plaintiff declined to plead further and the cause was submitted to the court on the pleadings for a judgment without the intervention of a jury, and the court dismissed the plaintiff's petition and the plaintiff has appealed.

As to the commissions charged by the sheriff for collecting these assessments, it is argued by appellant that additional duties may be imposed upon public officials and they may be required to perform them although no provision of law is made whereby they shall receive compensation therefor. Undeniably, this is true, and it has been held along that line many times that *ex officio* duties may be imposed by law on public officials and it will be their duty to perform them without compensation if there is no provision of law to that effect. But in this case we find no difficulty in ascertaining from the provisions of the statutes authorizing the organization of drainage districts there is in fact a provision for the compensation of sheriffs who are required therein to collect the assessments provided for.

In the drainage act of 1912 (section 2380, subsection 36) it is provided:

"The fees of officers for services rendered under this act shall be the same as fees now allowed by law for similar services in other cases."

It is provided in the act of 1918 (section 2380b, subsection 40) that:

"All officers performing services in proceedings under the provisions of this act shall receive the same fees as are allowed by the statute for like services, and no other."

It is provided in various sections of the drainage acts that the sheriff shall collect the drainage assessments at the same time and in the same manner he collects state and county taxes; provision is made for penalties which are also required to be collected by the sheriff in the same general manner provided by law for the collection of such penalties on state and county taxes, and there are many other provisions clearly indicating the duties of the sheriff and the mode of procedure in collecting such taxes to be in substance the same as is provided in the revenue and taxation law for the collection of state and county taxes.

Surely the legislature had in mind in the quoted provisions as to fees that the services of a sheriff should be compensated in the same manner and to the same extent in the collection of the drainage assessments as in the collection of state and county taxes. Surely they are "like" and "similar" services.

We have found no difficulty, therefore, in reaching the conclusion that the action of the lower court in sustaining a demurrer to the plaintiff's petition as to this item was entirely proper.

It stands admitted in the pleadings that the sheriff was instructed by the plaintiff not to collect either penalties or interest on the assessments, and that he did not collect them for that reason; and it stands admitted that the amounts of penalties and interest so uncollected by the sheriff are still due and owing by the several parties in the drainage district and are a lien upon their several lands, as expressly provided in the drainage acts. Now, after the sheriff has gone out of office it is sought by the plaintiff to require him to pay to it the penalties and interest which he did not collect because the plaintiff directed him not to do so.

As between individuals this would certainly be an estoppel operating in favor of the sheriff. Suppose an individual has an execution in the hands of a sheriff for

money coming to him, and the sheriff has levied the same upon the property of the defendant in the execution, and then the plaintiff therein to whom the money was coming should direct him to release the levy and return the execution to the office whence it came and not proceed further to enforce collection until further orders from the plaintiff. Suppose then it should eventuate that the plaintiff in the execution lost his debt, or a part of it, would it be seriously contended that the sheriff was not amply protected by his action under the orders of the plaintiff, or that the latter was not estopped to then assert a claim for his loss against the officer?

Here we have the same situation except the plaintiff to whom these assessments were payable is an administrative body of a quasi-public nature, and the assessments were being collected for a public purpose. The contention is therefore earnestly made that as the drainage acts make it the positive and unqualified duty of the sheriff to collect these penalties and interest, he should not have refrained from so doing because he was directed by the board of drainage commissioners not to do so.

Ordinarily it may be assumed that no one would have the power or authority to suspend or postpone the collection of taxes or assessments levied by lawful authority, where the law fixes the time of their collection and imposes the duty of their collection upon a specific public official.

But we find in the drainage act of 1918, the act under which appellant is now operating (section 2380b, subsection 27) this authority lodged in the board, to-wit:

"If the conditions are such in any district, that in the opinion of the board of drainage commissioners the interest and welfare of the owners of the property in said district will be best subserved by not requiring any part of the minimum district assessment to be collected for any number of years, not to exceed five years from the time the minimum and interest assessments are confirmed by the court, then and under such conditions the board shall by resolution fix the time when the first annual assessments shall become payable."

This provision seems to lodge with the board authority, in its discretion, to suspend as against the owners of the property in the district the collection of the assessments for as long a period as five years; and if the board may direct a sheriff or collecting officer not to collect any part of the assessment, surely it is within

its power and statutory authority to direct the sheriff not to collect, for the time being, interest and penalties which may have accrued on such assessments.

The statutory provision last quoted appears to give to the board practically unlimited authority, within the time limits fixed, to suspend the collection of the assessments or any part of them, and that being true the board in effect had the same power to suspend the collection of the penalties and interest as an individual would have had to suspend the collection of his individual debt then in the hands of the collecting officer.

In the light of this statutory power vested in the board we think the estoppel operates upon it just as it would upon an individual under like conditions.

The sheriff by reason of his action under the orders of the board has been placed in such situation that he could not now protect himself for his failure to collect the interest and penalties because his term of office has expired; and the board having given such orders and having authority under the statute to give them, is now estopped to claim the penalties and interest against appellee because of his failure to collect the same. And particularly is this true when it is made to appear the board has not been injured and the penalties and interest, if ever due, may yet be collected.

But it appears that the sheriff paid to the board $6,906.82 as a total amount collected by him on the assessments. Of that amount he paid $3,106.09 on the 30th of December, 1921, and $3,800.73 on March 11, 1922. It is the contention of appellant that inasmuch as these taxes were all due on the 1st day of December, 1921, that the collecting officer is chargeable with interest on those amounts during the time they so remained in his hands. It does not appear how much of this total amount was collected before the 1st of December nor how much thereafter, but we do know from the admitted allegations that no penalty or interest was collected on any part of it.

A careful search of the drainage acts fails to disclose any provision whereby a sheriff or collecting officer is chargeable with interest on the amount of assessments remaining in his hands after the 1st day of December of each year.

We know, as a matter of common knowledge, that most all taxes are collected by sheriffs in the last few days before the penalty becomes effective, and that such period is a very busy one with him. Where there is imposed upon him the additional duty of collecting at the same time large sums of money for other assessments, it can be readily seen that for some time thereafter he would not be in position to straighten out his accounts and business in such way as to make a settlement with the county, the state or the drainage board. Possibly with this in view the legislature failed to make provision for the payment of interest by a sheriff who had such funds in his possession for a reasonable time thereafter.

However that may be, in the absence of express statutory authority the drainage board cannot collect from the collecting officer interest on funds so remaining in his hands.

If, as suggested by counsel, these views result in inconvenience or misfortune to the drainage projects in the state, the remedy must be found in the legislative branch.

Judgment affirmed.