## Nichols v. Board of Education of Danville.

(Decided January 17, 1930.)

HENRY JACKSON and CHENAULT HUGUELY for appellant.

ADD LANIER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, John B. Nichols, is the duly elected and qualified clerk of the Boyle county court. He brought this action under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code) for a determination of the question as to whether or not he is entitled to compensation for making out tax bills for the board of education of Danville, a city of the fourth class. The trial court was of the opinion that the board of education was not liable to plaintiff for this work and sustained a demurrer to his petition. He declined to plead further, his petition was dismissed, and he has appealed.

Section 3587a-19, Kentucky Statutes, 1928 Supplement (Acts of 1924, chapter 61, page 120), reads in part:

"At least thirty days prior to the time when the Fiscal Court of the county is required to make its levy for county purposes, it shall be the duty of the Board of Education in districts where the boundary includes a city of the fourth class together with other territory, to levy an ad valorem tax for school purposes upon all property of every kind in the district assessed for county purposes. Said tax shall be at such rate as will produce in that year the sum estimated by the Board of Education as necessary to be raised for school purposes in the district. The Board shall also levy a poll tax on each person assessed for poll tax by the county within the district

but the ad valorem tax (for all school purposes exclusive of sinking fund) shall not exceed $1.50 on each $100.00 of assessed value and the poll shall not exceed $2.00 for each poll. The assessment made for the county shall be the assessment for each school district. Said levy shall be certified by the Board of Education to the Fiscal Court of the county and said Fiscal Court shall require the county clerk to make out the tax bills for the ad valorem and poll taxes accruing thereunder in the stub book to be devised and furnished by said Board of Education for that purpose, and said clerk shall sign and turn them over to city tax collector for collection, taking his receipt therefor in duplicate, showing the number of bills so delivered to said collector and the aggregate amount thereof. One copy of said receipt shall be retained by said county clerk and one copy certified to said Board of Education. Said Board of Education shall then cause the same to be collected by said city collector in the same manner and at the same time as taxes are collected for city purposes.

"All powers and duties conferred upon and required of officers in collecting taxes for city purposes and for county purposes are hereby conferred upon and required of them in collecting taxes levied by the Board of Education. The Board of Education shall pay the collector for collecting the taxes a reasonable compensation not exceeding one and one-half per cent. on the amount collected."

The statute above quoted makes no provision for compensation to the clerk for making out tax bills.

It is appellant's contention that this statute must be read in connection with section 4126 of the Statutes, which reads, in part: "The clerk shall certify to the county court the approval of the tax books, and the county court shall enter the fact of record; also the amount due to supervisors for their services. On a presentation of a copy of the order the auditor shall draw his warrant on the treasurer in favor of the assessor for the portion of his claims as provided by law, and the amount due the supervisors and clerks for their services. For making out the tax bills the clerk shall be allowed the sum of seven cents (7c) for each tax bill so made out for the sheriff or collector." It is argued in his behalf that the provision in section 4126 that the clerk shall be

allowed the sum of seven cents for each tax bill made out for "the sheriff or collector" shows that the Legislature intended that the clerk should be paid for making out tax bills to be handled either by a sheriff or by any other collector.

It is well settled that a county court clerk or any other officer of the county cannot collect fees for services in any case except where such fees are specifically authorized by statute. Section 1749 of the Statutes provides that: "No officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed on a compensation therefor; nor any fee for services not actually rendered." When the state requires services to be performed by its officers for which no remuneration is allowed, they must be regarded as ex officio services for which no charge can be made, and a county cannot be indebted to its officers by implication. Remuneration for services must be expressly authorized by statute. Wortham v. Grayson County, 13 Bush, 53; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Allin v. Mercer County, 174 Ky. 566, 192 S. W. 638; Graves County v. Roach, 197 Ky. 734, 248 S. W. 175; Logan County v. Russell, 203 Ky. 592, 262 S. W. 953.

Section 4126 of the Statutes deals solely with county and state taxes, and the collector referred to therein is the collector of state and county taxes. Section 4129 of the Statutes provides that the sheriff, by virtue of his office, shall be collector of all state, county, and district taxes unless the payment thereof is by law especially directed to be made to some other officer, and section 4130 provides that the sheriff or collector shall annually enter into bonds with surety for the faithful performance of his duties. This is the collector with which section 4126 deals, and not a collector who collects the taxes for a city board of education. No express authority is found in the statutes for payment by the city board of education for services rendered by appellant and such authority cannot be implied. The Legislature having failed to provide for compensation to the county clerks for making out tax bills for boards of education of fourth class cities, it must be presumed that the Legislature intended to treat the duties imposed upon the clerk as ex officio duties for which compensation cannot be paid.

The judgment of the lower court being in accord with the views herein expressed, it is affirmed.