## City of Fulton v. Shanklin.

(Decided Dec. 9, 1938.)

STEVE WILEY for appellant.

HERSCHEL T. SMITH and E. J. STAHR for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

By the Acts of 1904, Chapter 11, p. 43 (Kentucky Statutes 1936, Secs. 963c-1 to 3), it was provided that "in all counties of the state having a town not larger than the fourth class, and containing a larger population than that of the county seat * * * the circuit court * * * shall be held alternately so as to divide the time between the county seat and the larger town as the business may require." It was provided:

"That the expense of furnishing a court room and prison at said larger town shall be borne by the larger town, as well as the expenses of securing a vault, and depository for books and papers pertaining to the records of the circuit court of such county, and any other expenses pertaining to the moving of records, and holding of said court at the larger town without expense to the county."

The act befitted the situation then and now existing in Fulton County. Hickman is, and was then, the county seat; Fulton the "larger town" and of the fourth class, about twenty miles distant from each other. Soon after the enactment of the statute the city council of Fulton by ordinance accepted conditions of the Act, and resolved that the city "hereby agrees to bear the expenses charged upon it as a condition for its having a circuit court." The resolution, insofar as it attempted to bind the city, is in words identical with that portion of the Act above quoted.

On July 15, 1938, the city, by a petition in equity, naming W. T. Shanklin, jailer of Fulton County, defendant, and proceeding under Sections 639a—1 et seq., Civil Code of Practice, sought a declaration of rights of the parties. After setting out preliminary jurisdictional facts, and that circuit court is being, and has been held in conformity to the Act, it alleged that among the cases tried in the circuit court, many were criminal cases, and that the defendants are transported by the

county jailer from Hickman to Fulton for trial during the terms of the Fulton circuit court. During the May 1938 term, held at Fulton, prisoners were transported from Hickman to Fulton, and that thereafter a bill for their transportation was presented to and rejected by the council, on the ground that same was "illegal and unauthorized by statute."

Section 963c-3 of the statute is then plead. This section provides that "all criminal cases arising in each of said courts, shall be tried in the court held at the town situated nearest to the place where the offense was committed" adding the proviso as to payment of expenses by the "larger town," as set out above, and alleging that the charges set out do not constitute "other expenses pertaining to the * * * holding of said court at the larger town."

None of the prisoners transported were held for violation of the city ordinances. It is pointed out that Sec. 1754, Kentucky Statutes, provides that no fee bill containing illegal charge shall be paid, and appellant contends that the bill presented would not be a legal charge against the county "much less the city." That Sec. 1730, Kentucky Statutes, not only fixes the fees but provides for what services the jailer may be paid by the county, and that the charges contained in the presented bill are not such as embraced therein. It is further alleged that the city has complied, and is complying with the terms and provisions of the act by furnishing court room, prison, etc., and as the Act and ordinance have to do with expenses it conceives it is required by statute to meet.

To this petition defendant, without waiving demurrer, plead that the prisoners named in his expense account were defendants to indictments returned for offenses committed and arising nearer to Fulton than to Hickman. He says the account filed is not a fee bill, as is contemplated under Sec. 1754 of Kentucky Statutes, but an expense account embracing necessary and reasonable expenses for transporting prisoners from the Hickman jail to the Fulton court for trial, or for orders to be made. He pleads the statute, and so much of the ordinance as we have referred to above, and says:

"It is necessary that parties charged with crime, and to be tried in the Fulton branch, be transported * * * and the charges constitute a necessary ex-

pense incident to the holding of the Fulton court, as contemplated under the Act and ordinance."

The resolution was in force and effect when he went into office, and from September 1904, up to the present time, the city has borne the expenses as are here involved, until they rejected his claim.

The cause was submitted to the court on demurrers. The court overruled demurrers to the petition and answer, and plaintiff declining to plead further, the court adjudged that appellee's account was a legitimate expense "incident to and connected with the holding of the branch court in Fulton," and rendered judgment for appellee. The court found the account to be reasonable. The plaintiff excepted, prayed and was granted an appeal.

Both parties agree that the question to be determined is whether the pay for transportation of prisoners in the manner and for the purpose set out in petition and answer, is such expense as is contemplated by the act, and accepted and agreed to by the ordinance, particularly within the meaning of the language, "and any other expense pertaining to the holding of said court at the larger town, without expense to the county."

Appellee argues that the bill rejected by the council is in no sense a fee bill, but an expense account and that it is no more the duty of the jailer to transport prisoners to and from the branch court free of charge than it is to furnish free heat, light and water.

Appellant takes the position that since there is no express provision by statute fixing the fees or compensation for the services rendered by the jailer, appellee can not collect on a fee bill, nor upon an ordinary expense account, and in reliance cites and quotes statutes which we shall hereafter note. It is broadly contended that the "expense contemplated by the act and as accepted in ordinance by the city, means nothing more than legal statutory expenses, incident to the holding of the branch court." Further that the county is not liable for the expense, hence the city should not be held liable.

Reference is made to Sec. 1730, Kentucky Statutes, which sets out the fees legally allowed to the jailer. Transportation of prisoners from any given point to

another is not mentioned. The last sentence of said section reads: "For all other services performed by him the same fees as paid sheriffs." When we turn to Sec. 1726, Kentucky Statutes, we find a schedule of fees allowed a sheriff for services, and no mention is made of transportation of prisoners. The subject of removing or transporting prisoners is treated under sec. 1728, Kentucky Statutes, fixing mileage and expenses allowed to an officer when transporting a prisoner arrested (for misdemeanor) in one county to another county from which warrant was issued. Section 361, Kentucky Statutes, provides mileage and expenses to a sheriff and guard, or guards, in conveying prisoners to a penitentiary. Section 363, Kentucky Statutes, provides mileage and expense to an officer (and guard) for conveying a prisoner under arrest for felony, from one county to another. These latter are payable out of the state treasury, upon certification by the court, as are the fees of a jailer for services rendered under Sec. 356, Kentucky Statutes, one item of which is "for each day's attendance upon the circuit court, two dollars." Removal of prisoners from an insecure jail or where there is danger of mob violence, is provided by Sec. 2238 et seq., Kentucky Statutes, and fees and expenses fixed therein.

Sections 2224 to and including 2240a-3, entitled "Jailers," discloses no provision for the jailer transporting prisoners from any jail to any court house. Since no statute has been pointed out which, even by implication, could be construed to authorize the charge here, whether fee bill or reasonable incidental expenses, and we have found none, it is unnecessary to make further references.

We have a long line of cases holding that where no compensation is fixed by statute for services rendered by an officer, the services are ex officio, and the officer is entitled to make no charge by way of fee bill, or on account of necessarily entailed expenses. Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028; J. C. Pigman & Co. v. Slone, 107 S. W. 230, 32 Ky. Law Rep. 798; Suter v. Stone, Auditor, 108 Ky. 518, 56 S. W. 971, 22 Ky. Law Rep. 224; Graves County v. Wallace, 144 Ky. 194, 138 S. W. 306.

We have held that a custom of paying reasonable compensation for services, could not justify the payment of a claim, in the absence of a provision for its

payment. Harlan County v. Blair, supra. That it would be unfair to require or accept the services rendered, without compensation, is a matter which addresses itself to the General Assembly. In Lewis v. James, 191 Ky. 769, 231 S. W. 526, we said:

"Neither a state nor county ever becomes indebted to any of its officers by implication, and such officers, in order to hold a state or county responsible for a claim, must show a legal obligation on the part of the county or state to pay it, especially in view of Kentucky Statutes, section 1749, forbidding compensation for any ex officio services rendered or to be rendered by an officer."

See, also, Wortham v. Grayson County Court, 76 Ky. 53, 13 Bush 53, 57, and in line with the general principle stated, Nichols v. Board of Education of Danville, 232 Ky. 428, 23 S. W. (2d) 607; Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662; Board of Drainage Commissioners of McCracken County v. Alliston, 198 Ky. 310, 248 S. W. 850, 852; Allin v. Mercer County, 174 Ky. 566, 192 S. W. 638; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

We construe the language of the act "and any other expenses pertaining to the * * * holding of said court at the larger town without expense to the county," to mean only such expenses entailed in holding the court as are chargeable against the county or state by a statute fixing the compensation, or providing recompensation, such as mileage and expenses. There is nothing in the statutes requiring the county to pay for the services sought here to be charged, hence the city is not bound by its resolution. To hold otherwise would be to open the door too wide, and allow charges against the county, city or state, which the legislature had failed to do by enactment.

When we come to construe the statute and ordinance relating to payment of this particular item of expense, we have no difficulty in concluding there is neither ambiguity, nor uncertainty, hence we are not called upon to consider or apply the doctrine of contemporaneous construction. Gilbert v. Green, 185 Ky. 817, 216 S. W. 105; Sewell v. Bennett, 187 Ky. 626, 220 S. W. 517.

We are called upon to construe and have construed the statutes relating to the pay of officers for services rendered, and as indicated we found no statute author-

izing payment in any manner for the services rendered. Assuming that the city misconstrued the statutes relative to the charges paid over a long period, such construction would not bind it, nor are we bound thereby, since as shown, it was erroneous. The courts are not bound to follow the construction given a statute, if it appears to be clearly erroneous. State ex rel. Murane v. Jack, Wyo., 70 P. (2d) 888, 112 A. L. R. 161; Hodgell v. Wilde, Wyo., 74 P. (2d) 336, 114 A. L. R. 671.

The matter as presented calls for a declaration of the rights of the parties. After a careful consideration of the issues as presented, and based solely on the pleadings in the case, we find the respective rights of the parties to be: That appellee is not entitled to be compensated by, nor is the city obligated to pay him for the services for which he seeks compensation.

Judgment reversed.