## Smothers, Clerk Washington County Court, v. Washington County Fiscal Court.

April 20, 1943.

Chas. E. Montgomery for appellant.

H. M. Grigsby, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This case involves a controversy between the county clerk and the fiscal court of Washington county over the fees due the clerk for preparing the lists of voters used in the November, 1942, election.

Section 117.110, KRS, requires the clerk at every election to deliver to the precinct election clerk of each precinct "a correct single-spaced typewritten list, in triplicate, of all voters then registered in the precinct and entitled to vote in the election, giving the name and address of each voter, each page of the list being separately attested by the county clerk." Section 117.140, KRS, provides that the county clerk is entitled to collect "for preparing the lists of registered voters for use of election officers as required by KRS 117.110, two cents for each five names listed."

On February 9, 1943, John M. Smothers, clerk of the Washington county court, brought this suit against

the Washington county fiscal court for a declaration of the rights of the parties. He alleged in his petition that an actual controversy had arisen between him and the members of the fiscal court in regard to the fees he is entitled to collect from the county in making the lists of registered voters for the use of the election officers at the November, 1942, election; that his contention is that a proper construction of sections 117.110 and 117.140, KRS, entitles him to charge two cents for each five names listed on the original lists, on the duplicate lists, and on the triplicate lists, while the members of the fiscal court contend that he is limited to two cents for each five names on the original lists. He asked for a binding declaration of rights and a construction of section 117.110 and subsection (d) of section 117.140, KRS. A demurrer to the petition was sustained, the plaintiff declined to amend, and his petition was dismissed.

In dismissing the petition this appears: "It is adjudged by the court that plaintiff's rights as to the matter concerning which he sought a declaration are set out in the written opinion herein." In the written opinion the circuit judge said in part:

"It seems clear that it is the number of names that determine the amount of plaintiff's compensation and, no matter how many copies there are of the list in which a particular name appears, there is just one name. The statute does not provide for additional compensation for the copies, and in a case where the claimant is required to point out the statutory authority for the fees sought, the Court is not jusified in speculating as to the intention of the legislature in order to allow the additional compensation. Anyway, it would seem that a presumption that the fee provided was to cover both original and copies or that this was intended as one of the ex efficio services, for which no charge can be made, is at least as reasonable as a presumption that the legislature intended that the copies be paid for at the same rate as the original."

Appellant in his brief argues that the statutes as construed by the circuit court furnish inadequate compensation for the work of preparing the lists of voters, and that in construing the statutes it should be presum-

ed that the Legislature intended to provide adequate compensation. Section 64.410, KRS, provides that no officer shall demand or receive for his services any other or greater fee than is allowed by law or any fee for services rendered when the law has not fixed a compensation therefor, and, further, that no fee-bill shall be made out or compensation allowed for any ex officio services rendered by any officer. A county never becomes indebted by implication to any of its officers or agents, and is not permitted to pay for the services of its officers in the absence of a statute expressly authorizing payment. Bates v. Greenup County, 282 Ky. 268, 138 S. W. (2d) 463; City of Fulton v. Shanklin, 275 Ky. 772, 122 S. W. (2d) 733; Lewis v. James, 191 Ky. 769, 231 S. W. 526. The statute recognizes the right to impose new duties upon a public officer without compensation. Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077.

In the statute before us the Legislature fixed a fee of two cents for each five names listed. As stated by the chancellor in his opinion, it would be necessary to give the statute a strained construction to say that the Legislature meant the clerk should be paid six cents for each five names. The copies of the original lists did not alter the number of names listed. This necessarily equaled the number of registered voters in the county. If the Legislature had intended to provide compensation at the rate contended for by appellant, it could have done so in simple and unambiguous language by providing a fee for copies in addition to the fixed fee of two cents for each five names listed. Ordinarily where provision is made for payment for copies of an instrument a much lower fee is fixed for the copies. As pointed out by the chancellor, the Statutes fixing the fees of stenographic reporters provide that in counties having a population of 150,000, or more, the fee for transcripts shall be fifteen cents per hundred words and for the duplicate copy one-fifth the amount allowed for the original. In counties having a population of less than 150,000 reporters of courts of continuous session are allowed a fee at the rate of thirty cents a page and twelve and one-half cents a page for the duplicate, and in other counties the fee is twenty cents per hundred words and one-half of that amount for the duplicate. KRS, sections 28.440, 28.450, and 28.460.

In view of the rule that public officers are permitted.

to collect only fees expressly fixed by law, we think the chancellor correctly adjudged that appellant is entitled to be paid two cents for each five names on the original lists of registered voters and no more.

The judgment is affirmed.

Whole court sitting.