# Fiscal Court of Bell County v. Howard (four cases).

## May 18, 1943.

Martin R. Wilson and Cleon K. Calvert for appellant.

E. B. Wilson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

The appellee, John J. Howard, was clerk of the Bell County Court for the four-year term beginning January 1, 1937. He presented four claims to the fiscal court for making lists of registered voters for the use of election officers at various elections held during his term. The lists were made pursuant to section 1486bb-7 of the Kentucky Statutes (now KRS 117.110). Each claim embraced a charge of two cents for each five names listed on the original, duplicate and triplicate lists. The fiscal court, being of the opinion that the compensation provided by section 1486bb-22 of the Kentucky Statutes (now KRS 117.140) was limited to two cents for each five names on the original list, allowed his claim accordingly.

Appellee filed four separate appeals to the circuit court from the respective orders of the fiscal court allowing one-third of each of his claims and disallowing the remaining two-thirds. The circuit court rendered judgment for the full amount of the claims. One claim was for more than $500 and from the judgment on this claim an appeal was granted to this court. Each of the other three claims was for more than $200 and less than

$500 and motions for appeals have been made in each of those cases. The four cases were ordered to be heard together and are disposed of in this opinion.

There is considerable argument in the briefs on the question whether the fiscal court was before the circuit court on the appeals (the appearance of the fiscal court was entered by the county attorney), but, since the judgments must be reversed, it is unnecessary to decide the question.

In Smothers v. Washington County Fiscal Court, 294 Ky. 35, 170 S. W. (2d) 867, the identical question here involved was before us and we held that the county clerk is entitled to be paid only two cents for each five names on the original list of registered voters and no more. That case is conclusive of the question before us.

The motions for appeals in cases Nos. 20,861, 20,865 and 20,867 are sustained and the appeals are granted. The judgments in the four cases are reversed with directions to enter judgments in conformity with this opinion.