**MEADE COUNTY, Appellant,**

v.

**Roy NEAFUS, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1965.

J. R. Watts, County Atty., Brandenburg, Hatcher & Lewis, Elizabethtown, for appellant.

Faurest & Collier, L. A. Faurest, Elizabethtown, for appellee.

ROBERT M. COLEMAN, Special Commissioner.

The appellee, Roy Neafus, was both Clerk and Master Commissioner of the Meade Circuit Court in the years 1960, 1961, 1962 and 1963. In 1960, his combined fees from the two offices exceeded the constitutional limit of $7200.00 by $719.12. In 1961, the excess was $166.64. After an audit, he paid these sums to the county. On March 14, 1963, he filed this suit in the Meade Circuit Court seeking, according to the prayer of the complaint, a declaration, "whether his total compensation as Circuit Clerk and as Master Commissioner of the Meade Circuit Court is limited to $7200.00, and as to whether the county should repay to him the said sums heretofore paid to the county, and as to whether his future compensation is limited to net receipts of $7200.00 from both offices."

The trial court in construing Section 106 of the Constitution, which states, "The fees of county officers shall be regulated by law," and KRS 64.620, which provided "for services rendered in one or more offices or positions of employment, shall not exceed the constitutional limit for officers, which is $7,200 per annum," held that under this statute in force during 1960 and 1961, and the decision of this Court in Funk v. Milliken, Ky., 317 S.W.2d 499, the combined compensation of the two offices was limited to $7200.00. Thus far, we are of the opinion the trial court is correct.

In 1962, KRS 64.620 was repealed, leaving no statutory salary for the two offices.

The trial judge in construing paragraph (2) of the opinion of this Court in Matthews v. Allen, Ky., 360 S.W.2d 135, held that it applied to KRS 64.620. And, under the formula set out in the Allen case, on the value of the dollar, the appellee was entitled to recover from the county for the years 1960–1961 such sum as the value of 128.9 applied to his income might equal. In the years subsequent to 1961, the Consumers Price Index may be applied to the income of the appellee as compared to the purchasing power of the dollar in 1949 for the purpose of determining his limitation. This construction of the Allen case is in error.

■ The courts cannot fix or limit the salaries of officers. The power to fix compensation of officers is vested in the Legislature. Section 106, Kentucky Constitution. City of Fulton v. Shanklin, 275 Ky. 772, 122 S.W.2d 733; Norman, Auditor v. Cain, Clerk, 31 S.W. 860, 17 Ky.Law Rep. 492; McHenry v. Winston, 49 S.W. 4, 20 Ky. Law Rep. 1194.

In the case of Matthews v. Allen, Ky., 360 S.W.2d 135, this Court, in construing the constitutionality of the 1962 Act of the Legislature raising the salary of Circuit Judges beyond the constitutional limit of $8400.00 held that the Legislature in fixing salaries, and the Court in construing its acts, may take into consideration the purchasing power of the dollar. In that case we said:

"*  *  * It seems to us that it is becoming increasingly necessary to construe Section 246 in a way which will enable the General Assembly to keep the salaries of Circuit Judges, and for that matter all constitutional officers, currently geared to the purchasing power of the dollar as compared to its purchasing power in 1949. *  *  *

"Let us see what the Legislature has done in the instant case *  *  *

"*  *  * In other words, the legislature has interpreted 'adequate compensation' *  *  *

"*  *  * This is a clear instance of legislative care and responsibility.

"As the determiner of adequate compensation the Legislature has the power to balance the consistency of Section 133 with Section 246 *  *  *."

It will be noted above before writing paragraph (2) we had said Section 246 should be construed in a way to enable the *General Assembly* to keep the salaries *  *  * of all constitutional officers currently geared to the purchasing power of the dollar.

In the recent case of Commonwealth of Kentucky v. Hesch, Clerk Campbell Circuit Court, and its consolidated case of Floyd County v. Hale, Sheriff, Ky., 395 S.W.2d 362, decided June 28, 1965, we reaffirmed our decision in the Matthews v. Allen case. In these last cases, we upheld the constitutionality of the Act of the 1964 Legislature raising the compensation of this appellee and other county officers to $9600.00 which is in excess of the $7200 provided in Section 246 of the Constitution.

■ We did not say, nor intend to say, in the Matthews v. Allen case, as construed by the trial court, that the salaries of all officers were automatically geared to the price of living index or the value of the dollar. Or that any or all officers in the state could go into court and ask the court to adjust their compensation based on the price of living index or the value of the dollar in that particular community.

■ In the present case, we are of the opinion that the lower court correctly held the combined annual compensation of the office of circuit clerk and master commissioner was limited to $7200.00. By KRS 64.620, the Legislature fixed appellee's compensation at $7200.00 for the years 1960–1961. In the absence of any legislative enactment fixing his salary for 1962–1963, he is limited to the constitutional maximum of $7200.00. His total compensation from the combined offices for each of the four

years is $7200.00 and he should account to the county for any excess thereof.

We recommend that the judgment be affirmed in part and reversed in part.

The opinion is approved by the Court and the judgment is affirmed in part and reversed in part.