JUDGE ELLIOTT
delivered the opinion of the court.
On the 25th day of November, 1875, the appellant presented to the Grayson County Court of Claims an account amounting to the sum of $255.69, and asked that the same be allowed him, to be paid out of the county levy then about to be made by the court. This claim being resisted by the county attorney, on hearing all the claim was allowed except the sum of $123.44.
*55 That part of appellant’s claim which was rejected by the court of claims consists of the following items, to wit:

Gh-ayson County Court, to Charles Wortham, jr., its Clerk, Dr.

December 28, 1874. To entering order, copying and filing same,
in case of exceptions to Len. Mudd’s merchant’s license........ 65
January 25, 1875. Allowing Evans, Staadeker & Co.’s account,
and two copies............................................................... 75
January 25, 1875. Order appointing Jno. E. Stone jail committee 25
January 25, 1875. Copy of same............................................ 25
January 25, 1875. Order for H. H. Roberts keep privy in order.. 25
January 25, 1875. Order for renting out grand jury room........... 25
January 25, 1875. Order for sheriff to pay S. H. Martin’s claim,
25 cts.; copy of same, 25 cts............................................. 50
January 25, 1875. Order for F. M. Bozarth to keep Polly Allen.. 25 January 25, 1875. Order for sheriff to pay H. S. Horn’s claim,
and copy....................................................................... 50
January 25, 1875. Order for establishing tavern rates, 25 cts.;
order for establishing poll-tax, 25 cts................................. 50
January 25, 1875. Order for establishing county levy tax.......... 25
January 25, 1875. Order for noting settlement with sheriff........ 25
January 25, 1875. Order for allowing Terry & Claggett delinquents........................................................................... 25
January 25, 1875. Order for allowing delinquent-list................. 25
January 25, 1875. Order for copying and certifying 337 delinquents, at 2. cts............................................................... 6 74
February 22. Order filing petition for new district “ Sand Spring,”
and orders establishing same............................................. 65
February 22. Order enlarging A. M. Simpson’s boundary on Meredith’s Mill and Rock Creek Road, 25 cts.; two copies
of same, 50 cts............................................................... 75
March 27. Orders concerning new jail.................................... 90
March 27. To copy of list of licenses to grand jury.................. 75
March 27. To copy of list of studs, jacks, and bulls to grand jury 75
April 10. To order allowing Peter Yerison’s claim, and copy...... 50
May 24. To order in case of William P. George, jail matter...... 50
May 24. To order in case of A. R. Clark, repairing court-house
roof.............................................................................. 25
May 24. To order establishing levy on railroad bonds............... 25
May 24. To order entering and copying orders appointing officers
of election..................................................................... 1 75
May 24. To list of licenses for grand jury.............................. 75
May 24. To list of studs, jacks, and bulls for grand jury........... 75
*56 July 7. To copying claims to sheriff....................................... 13 00
August 5. To state officers’ election certificates........................ 3 50
August 23. To entering order and two copies for record-hooks... 75 September 4. To copying, certifying, "and posting surveyors of
road, giving distance and naming roads, etc........................ 10 50
September 23. To order filing and approving sheriff’s settlement
with railroad...........................•....................................... 25
October 5. To order and copy allowing Priestley’s claim............ 50
October 5. To order and copy allowing McDonald’s claim......... 50
October 5. To order and copy allowing Mary J. Langley’s claim 50
October 5. To order and copy allowdng F. M. Bozarth’s claim... 50'
October 5. To order and copy allowing J. H. Frank’s claim...... 50
October 5. To order and copy allowing Evans, Staadeker & Co.’s
claim............................................................................ 50
October 5. To order and copy allowing Wm. Stuteville’s claim.. 50'
October 5. To order and copy allowing F. Heyser’s claim......... 50
October 23. To list of licenses for grand jury........................... 75
October 23. To list of studs, jacks, and bulls for grand jury...... 75-
October 23. To order for public book and two copies................. 75
October 23. To order changing hands on road.......................... 50
November 6. To order changing boundaries on road, and two
copies............................................................ 75
November 6. To advertising deeds, mortgages, and powers of
attorney at court-house door............................................ 8 00
November 6. To copying and certifying list of claims allowed at
November term, 1874, to be published in county newspaper.. 13 00
November 6. To paper, etc., furnished supervisors of tax........... 90'
November 6. To comparing polls November election, 1874, and
May and August elections, 1875........................................ 6 00'
November 6. To cost in, case of County v. Rayner, to bind out
children paupers............................................................ 2 85'
November 6. To entering 147 orders made at this term of court,
and copies of same, to parties they are in favor of................ 36 75
Total........................................................................$123 44
From the judgment of the court of claims rejecting the foregoing account the appellant appealed to the circuit court, which affirmed the same, and from that judgment the case has-been brought here for revision.
By the general statutes the clerks of the county courts of the various counties of this commonwealth are allowed the following fees for their services, to be paid out of the county *57 levy of the county for which the services are performed, to wit:
“For every order concerning the establishment, changing, and closing or discontinuing of roads, to be paid out of the county levy when the road is established, changed, closed, or discontinued, and by the applicant when it is not, 25 cts.
“ For each order appointing surveyor of road, 25 cts. For each copy thereof, 25 cts., to be paid out of the county levy.
“For each report of list of surveyors of roads, made and furnished to the grand jury, to be paid out of the county levy, $2.”
"We have examined carefully the rejected account of appellant, and do not find an item in it which by statute is required to be paid out of the county levy.
But it is contended by the appellant that, by the General Statutes, he is allowed to charge 25 cts. for each order made “in the county court” (p. 462), and that therefore where the law does not direct by whom this fee is to be paid, it is a charge against the county itself.
It is a sufficient answer to state that the state and county governments of this country never become debtors, by implication, to any of their agents, and that in order to hold them, or any of them, responsible for a claim, the claimant must show a legal obligation on their part to pay it.
By the General Statutes it is provided that when the clerk makes an order allowing a claim for the sum of $5 or more, he is allowed 25 cts. therefor, to be paid by the claimant. This indicates that if the claim is less in amount than $5 the clerk shall not charge for the order allowing it, and yet $36.75 of appellant’s claim are for orders made for the allowance of claims for sums less than $5.
By the General Statutes it is enacted that “ no fee-bill shall be made out or compensation allowed hereafter for any ex-ojjiaio services rendered or to be rendered by any officer; and there *58 fore when the state requires services to be performed by its officers, for which no remuneration is allowed, they must be regarded as ex-officio services, for which no charge can be made.
This may seem a great hardship on the person who performs the services; but he must remember that all the citizens of any government perform public services without remuneration, except the protection and security to life, liberty, and property afforded by it.
As thei’e is no law making it obligatory on the county of Grayson to pay any of appellant’s claim which was rejected by it, and as the court allowed all of the claim presented by appellant for which he had a right to charge, the judgment of the lower court must be, and the same is, affirmed.