# Morgantown Deposit Bank, &c. v. Johnson, Sheriff, &c.

APPEAL FROM BUTLER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.  AFFIRMED.

COUNTIES—ALLOWANCE OF CLAIMS—POWER OF FISCAL COURTS—FEES TO COUNTY CLERK.

Held:  1. The fiscal court being a court of limited powers, and having no jurisdiction to appropriate county funds except as it is authorized by law to do so, an order making an allowance to the county clerk for services for which the statute fixed no compensation was void, and neither the clerk nor his assignee acquired any rights thereunder.

2. The clerk of the county court is not entitled to compensation for recording the lists of school children filed in his office by the trustees of the school districts, it being expressly provided by Kentucky Statutes, section 1749, subsection 1, that no officer shall demand or receive any fee for services rendered when the law has not fixed a compensation therefor.

GUFFY AND WHALEN ATTORNEYS FOR APPELLANTS.

1. The fiscal court of Butler county had jurisdiction over the claim presented and allowed, and the fact whether the claim was a legal

| 108 | 507 |
| 114 | 51 |
| 114 | 645 |
| 108 | 507 |
| 116 | 579 |
| 108 | 507 |
| 116 | 579 |
| 108 | 507 |
| 120 | 464 |

| 108 | 507 |
| d128 | 114 |
| 128 | 115 |
| e129 | 53 |

| 108 | 507 |
| f127 | 455 |

Morgantown Deposit Bank &c. v. Johnson, Sheriff, &c.

one, can not now be inquired into. Kentucky Statutes, secs. 4374, 4449; Taylor v. Davey County Treasurer, 75 N. W., 553; 65 N. W., page 50, County of Boone v. Dills.

M. H. THATCHER, N. T. HOWARD AND G. B. PHELPS FOR APPEL-LEES.

1. An allowance by the Fiscal Court procured by misrepresentation of the facts and through misapprehension of the law is void.
2. If not void, such an allowance can be revoked by subsequent action of the court. Kentucky Statutes, secs. 4449, 4374; Comrs. v. Buchanan, 51 N. E., 939, sub-sec. 5, art, 15, ch. 47, General Statutes; Section 1720, Kentucky Statutes; Am. & Eng. Ency., vol. 12, 244, sec. 1; Jones v. Brown, 54 Iowa, 74-79; Fremont County v. Brandon, 56 Pac., 264; Erskine v. Steele County, 28 L. R. A., 645; Wortham v. Grayson County Court, 13 Bush, 53; Sec. 5, art. 18, General Statutes.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The fiscal court of Butler county, at its October term, 1897, by an order duly entered upon its records, allowed to J. L. Butler, clerk of the county court, $350, for recording school census reports for the years 1894, 1895 1896, and 1897, payable out of the county levy for the year 1898. Butler subsequently assigned his claim to the allowance to the Morgantown Deposit Bank, who instituted this suit thereon against C. P. Johnson, sheriff of Butler county, making a copy of the order of the fiscal court an exhibit with the petition, and alleging that he had collected the tax levied for the year 1898, out of which said claim was payable; that it was due, and that he had refused payment, and asking judgment. Johnson answered, and admitted that he had collected the money, but alleged that he had been informed by the county judge and county attorney that the order had been illegally obtained, and was void; that it had been subsequently rescinded by the fiscal court; and that he had been instructed by them, as agents of the fiscal court, not to pay it. He made his answer a

cross petition against the county, and called upon it to set
up any defense it might have to the payment of the claim.
Thereupon the county entered its appearance, and filed a
general demurrer to the plaintiff's petition on the ground
that it did not state facts sufficient to support a cause of
action.   This demurrer was sustained both as to the sher-
iff and Butler county, and, the plaintiff refusing to plead
further, its petition was dismissed, and an appeal granted
to this court.   It is urged as ground for reversal that the
fiscal court had no power over its order after the adjourn-
ment of the court, and could not, at a subsequent term, set
aside an allowance regularly and duly made; that it had
jurisdiction to allow or reject the claim of Butler at the
time it was presented; and that, even conceding that it er-
red in allowing the claim, neither the circuit court nor this
court has any revisory power to relieve against such an al-
lowance.   And to support this contention we are referred
to an opinion of this court in the case of Boone Co. v. Dills,
56 S. W., ——.   The suit in that case was brought under
a special act of the Legislature to recover back certain
money which it was alleged had been illegally paid to the
claimant, and it was held that, as the county court had
jurisdiction to allow the claim, and had simply allowed
more than it ought to have done, it would not be permitted
to invoke the powers of a court of chancery to relieve it
from the consequences of its own carelessness; in other
words, that such was not a ground for relief in a court of
equity.

This is not a similar proceeding.   The fiscal court is a
court of limited powers, and has no jurisdiction to appro-
priate county funds except as it is authorized by
law to do so (see Kentucky Statutes, section 1840),
and there is no provision of the statute which authorizes it

to pay the county court clerk for his services in recording the lists of children, filed in his office by the trustees of the school districts, as provided by Kentucky Statutes, section 4449; and it is expressly provided in subsection 1, section 1749, Kentucky Statutes that no officer shall demand or receive any fee for services rendered when the law has not fixed a compensation therefor. This provision of the statute was construed in the case of Wortham v. Grayson County Court, 13 Bush, 53 and it was held that, when the statute requires services to be performed by its officers for which no remuneration is provided, they must be regarded as *ex officio* services, for which no charge can be made.

It is insisted that under the provisions of section 4374, Kentucky Statutes, the fiscal court was authorized to provide for the payment of this claim. That section is a provision of the common-school law, and provides that "no fees to county judges or clerks, or other incidental expenses, shall be paid out of the distributable share of the revenue apportioned to any county, but that such payments, when allowed by the fiscal court, shall be paid out of the county levy." This section does not undertake to provide for or direct the payment by the fiscal court of the fees of the county court clerk for the services sued for. It simply prohibits appropriating any part of the school fund for such services, and, until the Legislature fixes the particular fees which are to be paid for such services, nothing can be legally charged or collected therefor out of the county levy. It therefore follows that the fiscal court had no authority originally to make the allowance, and its order at the October term, 1897, allowing $350 to Butler for his services in recording these reports, was void, and no enforceable rights were acquired thereunder, either by him

or his assignee. For reasons indicated, the judgment is affirmed.

Judge Guffy not sitting.