## Russell County v. Hill, Judge, et al.

(Decided April 28, 1915.)

Appeal from Russell Circuit Court.

1.  Taxation—Levy of Tax by Fiscal Court.—A fiscal court has no power to make an appropriation or to levy a tax, unless authorized by the Legislature to do so, and powers not granted to the fiscal court, in that respect, are withheld.

2.  Taxation—Appropriation by Fiscal Court.—Acts of the Legislature authorizing the fiscal court to appropriate public funds, must not be extended by construction, beyond the natural and fair meaning of the words used, and beyond the grant of authority, the fiscal court has not authority to go.

3.  Taxation—Erection and Repair of Bridges—Fiscal Courts.—Section 1840, Kentucky Statutes, 1915, which was enacted October 17th, 1892, and amended by Act of March 21st, 1906, makes the erection and repair of bridges, and other structures, and the superintendence of same, and providing for the good condition of the highways in the county, purposes for which county funds may be appropriated.

4.  Taxation—Levy of Tax by Fiscal Court.—Section 4281u, Kentucky Statutes, 1915, which was approved March 21st, 1906, authorizes the fiscal court, by an order or resolution, to levy an ad valorem tax upon real and personal property subject to taxation for state purposes, not exceeding the rate and limit prescribed by the Constitution, and a poll tax of not exceeding one dollar

and fifty cents upon each male inhabitant thereof, over twenty-one years of age, for county purposes.

5.  Taxation—Levy of Tax by Fiscal Court.—Section 4281u, Subsection 2, Kentucky Statutes, 1915, provides that all taxes for counties shall be levied by order or resolution of the fiscal court, and the purpose or purposes for which same shall be levied shall be stated in the order or resolution, and the taxes provided for in such resolution shall not be used for any other purpose.

6.  Statutes.—The repeal of Section 4307, of Kentucky Statutes, 1909, which was an Act of March 10th, 1894, does not affect Sections 1840 and 4281u, of Kentucky Statutes, 1915.

7.  Taxation—Fiscal Courts.—Section 4306, Kentucky Statutes, which is Section 20, of the Act of March, 1914, while it authorizes the fiscal court to contract and pay for making, improving, and keeping in order the whole or any part of the county roads, within the county, by the use of asphaltum, brick, stone block, macadamizing, gravel, or other process of equal merit, and to contract therefor as provided in Sections 17 and 18 of said act, and to pay for the work done under such contract in whole or in part out of the county treasury by special levy to be laid, or by issuing bonds, these sections do not require the fiscal court to make, improve, or keep in order all or any of the roads in such way, or by such means, and do not limit the fiscal court to raising taxes for road purposes, to the manner and for the purposes therein prescribed.

8.  Highways—Fiscal Courts.—Section 4306, Kentucky Statutes, 1915, which is Section 20, of the Act of March, 1914, only applies where the making, improving, and keeping in order of roads, is by the use of asphaltum, brick, stone block, macadamizing, gravel, or other process of equal merit, and where the work is let to contractors.

9.  Highways—Fiscal Courts.—The fiscal court has authority to construct, reconstruct, and maintain its roads and bridges, in such ways as it may adopt, other than the manner and means prescribed by Section 4306, Kentucky Statutes, 1915, and for the purpose of securing funds to do so, may levy taxes, as provided in Section 1840, and Section 4281u, Kentucky Statutes, 1915, except that all contracts for roads and bridges shall first be let under the provisions of Sections 4303 and 4304, of Kentucky Statutes, 1915, and if no suitable bid is offered, the court may contract otherwise than is provided for in such sections.

10. Highways—Construction—Power of Fiscal Courts.—The fiscal court may make an appropriation for the construction or reconstruction of a road for the purpose of securing state aid for that purpose, and is authorized to levy an ad valorem and poll tax to raise the money, within the rate and limit prescribed in the Constitution, and Section 4281u, of Kentucky Statutes, 1915.

R. E. LLOYD for appellant.

LILBURN PHELPS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

At a called term of the Russell Fiscal Court, held on the 1st day of January, 1915, the following order was entered upon the order book of the court:

"In the matter of proposed macadamized road, under Act of March 24th, 1914.

"Whereas, certain citizens of Russell County have petitioned this court to improve and reconstruct a certain section of public road, hereinafter described, within this county; and, Whereas, said petition is accompanied by certain subscriptions of money proposed to be given by C. A. Hammonds, and about forty other persons, mostly citizens of Russell Springs and vicinity, said subscriptions amounting in the whole to $2,500.00, which is to be turned over to the county for the purpose of permanently improving and reconstructing the section of road hereinafter described; Now, THEREFORE, on the faith that said sum of $2,500.00 will be turned over to the county for said purpose, and for other good and sufficient reasons to the court appearing, BE IT RESOLVED AND ORDERED by the Russell County Fiscal Court, all the justices concurring, that the public interest demands the improvement and reconstruction, under the Act of March, 1914, of that section of the public road between Jamestown and Liberty, Kentucky, the county seats of Russell and Casey Counties, respectively, beginning at the end of the Jamestown & Greasy Creek Turnpike Company's road, about 7/8 of a mile northwest of the courthouse in Jamestown, and extending to the corporate limits of Russell Springs, on the southeast side; that is, the side next to Jamestown.

"If the sum of $10,000.00 shall be more than sufficient to reconstruct the aforesaid section of road, then the sum remaining shall be expended in continuing said improvement on the road leading to Liberty, or towards Columbia, as may hereafter be agreed upon by the fiscal court and State Road Commissioner.

"For the said purpose there is hereby appropriated the sum of Twenty-five Hundred Dollars, payable out of the road fund of 1915, this day levied."

At the same term of the fiscal court, held on the 2nd day of January, 1915, the following order was entered:

"It is ordered by the court, all the justices concurring, that the county levy for the year 1915 be and

the same is hereby fixed at 35 cents on each $100 worth of taxable property for general purposes, and 15 cents on each $100 worth of taxable property for road purposes. It is further ordered that a poll tax of $1 for general purposes and 50 cents for road purposes be and the same is hereby levied on each male citizen of Russell County over 21 years of age. The road tax is to cover all outstanding road claims, and the constructing, maintaining, repairing, and keeping in order all the public roads and bridges in the county, and for the further purpose of covering all appropriations made by the court for the purpose of obtaining State aid for the construction of any section of road in said county."

Under proper orders of the Russell County Court, made at a called term in February, 1915, the county attorney was directed, by an order of the county court, to take an appeal on behalf of the county to the circuit court of Russell County, from the orders of the fiscal court above stated. The appellant contending that the fiscal court had no power, jurisdiction, or authority under law to levy a road tax in the sum of fifteen cents, or any other sum, on each $100.00 worth of taxable property in the county, or a poll tax of fifty cents on each male citizen twenty-one years of age, and over in the county; and that the orders appealed from for that reason were null and of no effect. The appeal was tried in the circuit court upon an agreed state of facts, which were to the effect, that the fiscal court had made the orders stated above, and the members of the fiscal court contend that they had authority and jurisdiction to make said orders, and the question as to whether, under the law as it existed on the day the orders were entered the fiscal court had power and jurisdiction to levy a poll and ad valorem tax for the purpose of reconstructing a section of road, under the Act of March 24th, 1914, and whether the said court had authority and jurisdiction to levy a road tax for any road purpose, or for the use of any public road or bridge in Russell County. The circuit court, after an affidavit of the county attorney had been filed, stating that the state of facts presented were real, and the proceedings in good faith to determine the rights of the parties, adjudged that the orders and proceedings of the fiscal court appealed from were valid; that same were duly and regularly entered; and that the fiscal court had full

power and jurisdiction to make and enter the orders; and dismissed the appeal. The appellant excepted to the judgment of the court, and prayed an appeal to this court, which was granted.

The questions presented upon this appeal are two: First, did the Fiscal Court of Russell County have power, authority, and jurisdiction to levy an ad valorem tax and poll tax for maintaining and keeping in order, the public roads in the county? Second, did it have the jurisdiction and authority to levy a tax for the purpose of reconstructing a public road and making appropriation therefor in order to secure State aid for that purpose, under the Act of March, 1914?

It is true, as contended by appellant, that the fiscal court cannot make any appropriation, nor levy any tax, which it is not authorized by law to do. Powers which are not granted to the fiscal court in that respect, are withheld from it. Laws authorizing the appropriation of public funds, are not to be extended by any kind of construction, beyond the natural and fair meaning of the words used, but as a rule, when the power to tax is delegated to the fiscal court, the grant must be strictly construed, and beyond the grant the fiscal court has no authority to go. Jefferson County v. Young, 120 Ky., 456, 86 S. W., 985; Mitchell v. Henry County, 100 S. W., 220; Morgantown Deposit Bank v. Johnson, 108 Ky., 507, 56 S. W., 825; Jefferson County v. Peters, 127 Ky., 453, 105 S. W., 887; Hopkins County v. Givens, 29 R., 993, 96 S. W., 819; Cline v. Jefferson County, 30 R., 1344; Fiscal Court v. Flants, 27 Ky., 453; Woodruff v. Shea, 152 Ky., 657.

It is very clear that authority to the fiscal court to levy taxes and make appropriations for any purpose must be looked for in the statutes of the State. The history of the legislation in this State will show that the power and duties of fiscal courts have always been controlled and defined by the legislative authority.

By Section 4281u, Ky. Statutes, Carroll's Edition, 1915, it is provided as follows: "That the fiscal court of each county shall annually, by order or resolution, levy an ad valorem tax for county purposes upon real and personal property subject to taxation for State purposes, not exceeding the rate and limit prescribed by the constitution; and may levy a poll tax not exceeding one

dollar and fifty cents on each male inhabitant thereof. * * *"

By Sub-section 2, of the section, *supra,* it is provided as follows: "All taxes for counties shall be levied by an order or resolution of the fiscal court; * * * and the purpose or several purposes for which the same is levied or imposed, shall be specified in the order, resolution, or ordinance, and the revenue therefrom shall be expended for no other purpose, than that for which it is collected. * * *"

By Section 1840, Ky. Statutes, 1915, it is provided: "The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; * * * to erect and keep in repair bridges and other structures, and superintend the same; to regulate the fiscal affairs and property of the county; * * * and provide for the good condition of the highways in the county; * * * and shall have jurisdiction of all such other matters relating to the levy of taxes, as is by any special act now conferred on the county court of levy and claims." This was an act of the General Assembly of October 17th, 1892, as amended by Act of March 21st, 1906.

The statutes, *supra,* are not affected by the repeal of Section 4307, of the Ky. Statutes, 1909, since that was an act of March 10th, 1894, and was the expression of the legislative will long prior to that expressed in the sections, quoted above.

By Section 1840, *supra,* the fiscal court was authorized to appropriate county funds to erect and keep in repair bridges and other structures, and superintend the same, and to provide for the good condition of the highways in the county, and generally to appropriate any other funds authorized by law to be appropriated. The maintenance and repair of county roads is, without a doubt, a purpose for which taxes may be levied, as authorized by Section 4281u, *supra,* and Sub-sections 2, 3, 4, 5, 6, of said section. The provisions of the statutes, *supra,* would seem to be conclusive of the fact that the fiscal court may levy an ad valorem and poll tax for any county purpose, and that the maintenance and repair, and good condition of the county roads is a county purpose to which the fiscal court may appropriate its funds, and that this authority is granted to it by the legislative authority.

It is contended by appellant that Section 4306, Ky. Statutes, 1915, and which is Section 20, of the act of March, 1914, prohibits the fiscal court from making the levy of an ad valorem tax of fifty cents on the $100.00 worth of taxable property in the county, and fifty cents upon each poll in the county, for road purposes, as set out in the resolution of the fiscal court complained of. The section relied upon is as follows: "The fiscal court of any county may contract, and pay for making, improving, and keeping in order the whole or any part of the county roads within the county by the use of asphaltum, brick, stone block, macadamizing, gravel, or other process of equal merit, and may contract therefor in manner as provided in Sections 17 and 18 of this act. They may pay for the work done under such contract in whole or in part out of the county treasury by special levy to be laid, or by issuing bonds or other evidence of debt for same, as is provided for in this chapter."

Section 17 referred to, relates to the manner of letting contracts to bidders for construction or maintenance of roads, where the work is to be let to contracts under the provisions of Chapter 110, of the Ky. Statutes (1915); the security which the contractor shall give, and authorizing the fiscal court to reject any and all bids, and readvertise for same if necessary.

Section 18 referred to, relates to the manner and the place in which the advertising may be done and the contracts let, and finally provides, that if satisfactory bids cannot be obtained, the fiscal court may have the necessary work done as it deems best.

It will be observed that Section 4306, *supra,* provides only, that the work of making, improving, and keeping in order may be let to contracts, and paid for out of the county treasury by special levy to be laid, or by issuing bonds or other evidence of debt for same, is where asphaltum, brick, stone block, macadamizing, or gravel, or other process of equal merit is used and where bonds are issued to procure the money, it cannot be used for constructing or maintaining roads, except in the way above designated, and by use of such materials as designated.

Section 4307, Ky. Statutes, provides that the money raised from the sale of bonds shall be used solely and alone for the building, constructing, and reconstructing of roads of asphaltum, concrete, brick, stone block, mac-

adamizing, or other process of equal merit. These sections of the act of March, 1914, do not seem to contemplate or embrace the expenses necessary to maintain the common dirt roads in the counties, and which are not let to contracts for their maintenance. Neither does the statute preclude the fiscal court from making, constructing, reconstructing, or maintaining the public roads of the county in any other manner than that specified in Sections 4303, 4304 and 4306.

By Section 4356m, of the Ky. Statutes, which was Section 83, of the act of March, 1914, provides as follows:

"Nothing herein contained shall interfere with the right of any county to construct, reconstruct, or maintain its roads and bridges by means of road and other machinery in such manner as the fiscal court may provide, nor shall it interfere with the right of any county to warn in hands on roads as now provided by law, but all contracts let for roads and bridges shall first be let under the provisions of this act, but should there be no suitable bid, and all bids are rejected under the plan provided, then any county may otherwise contract for the construction, reconstruction, or maintenance of its roads and bridges in such manner as the fiscal court thereof may deem best."

Then follows Sections 4356o, 4356p, 4356q, and 4356r, by which it is provided that the fiscal court may have its public roads maintained by requiring the citizens of the county to work upon the roads, and provide for the division of the county into road precincts by the county court, and the alotting of able-bodied male citizens between the ages of eighteen and fifty years to work on the roads in the respective precincts, the appointment of overseers, and the prescribing of their duties. By the terms of the act of March, 1914, it seems that the fiscal courts are authorized to cause the roads of the county or a part of them to be let to contracts for their maintenance, and may let to contracts the construction and reconstruction of the roads in the county, and when such is done, the contract shall be let, and the work carried out, and payments made, and the money secured for the purpose as is provided in the act; but in the event no suitable bids are made for the performance of these works, the fiscal court has authority to reject the bids, and to adopt some other system and plan of carrying

into effect its purpose of constructing a road, or re-
constructing a road, or to maintain a road in good con-
dition. The fiscal court may, also, construct or maintain
the roads as an original proposition in some way, other
than by letting the work to contractors. To do such
it must have funds for that purpose, which can only be
obtained by the levy and collection of taxes, as provided
by Section 4281u, and Section 1840, *supra.* That the
legislative authority did not intend to restrict the fiscal
court to the levy of taxes, or the appropriation of the
money to purposes, except as provided in Section 4306,
*supra,* is very evident from the various sections of the
law of March, 1914, in addition to its expressed provis-
ions. By the provisions of that act the office of road
engineer is created, to whom a salary must be paid, and
by other provisions of the act, advertising must be done,
printing must be had, damages for land taken for road
purposes must be paid, machinery purchased and labor
paid for, and a great many other expenditures which
could not be embraced within the authority set out in
Section 4306, *supra.* Where the roads are maintained
by requiring the citizens to work upon them, the fiscal
court is given authority to pay the hands for the work,
and if the court had no authority to levy a tax, except
by virtue of Section 4306, *supra,* there would be no place
from which it could obtain the funds necessary to pay
the expenses, and the wages of the hands.

The record does not indicate that the fiscal court of
Russell County proposes to construct, maintain, repair,
or keep in order the public roads and bridges in the
county by letting the work to contractors, and by mak-
ing contracts with parties for the performance of such
work. Neither is there anything to indicate that it is
proposing to make, improve, or keep in order any road
in the county by use of asphaltum, brick, stone block,
macadamizing, gravel, or other process of equal merit,
except that it may be inferred that the appropriation of
$2,500.00, which the levy of fifteen cents upon the $100.00
worth of property and fifty cents upon each poll in the
county, which is appropriated to reconstruct a road
jointly with the aid of the State, is to be reconstructed
in accordance with Article 60, Chapter 110, of the Ky.
Statutes, 1915, and as to that part of the levy designed
for that purpose, we will consider further on.

The resolution complained of, which makes the levy,

seems to be in substantial accordance with the provisions of the constitution and of the statutes of this State, in prescribing the purpose for which the levy is made, and is within the rate and limit prescribed by the constitution, and of Section 4281u, *supra.*

So far as relates to the resolution complained of which appropriated $2,500.00 for the improvement of a county road in Russell County, and its reconstruction under the act of March, 1914, which is Article VI., Chapter 110, Ky. Statutes, 1915, we will look to the statutes, which created the system of public State roads and authorized the State and counties jointly to construct such roads. It seems that the resolution of the fiscal court relating to that subject provides that the public interest demands the improvement of the section of the road within the county described in the resolution, and requested that it be reconstructed as provided in the act of March, 1914, which is Article 6, Chapter 110, Ky. Statutes, 1915. The resolution contains a description of the section of road, and no part of it is included within any incorporated city, town, or village. It substantially complies with the requirements of the statutes. Section 7 of Article 6, Chapter 110, *supra,* provides the method of obtaining the money on the part of the county to carry out the purpose expressed in the resolution. Referring to the counties, towns, villages, or other municipalities, the statute says: "Any of the said municipalities may raise by taxation funds to pay the cost of construction of any road or roads or may issue bonds for the payment of same in the manner prescribed by law, it being the expressed intention of this section to confer upon towns and villages or other municipalities full power to improve any road or section of road under the provisions of this act, all proceedings conforming as nearly as possible to the provisions of this act."

It seems that under Article 6, Chapter 110, Ky. Stat., 1915, *supra,* that the fiscal court may levy taxes upon the property and polls in the county for the purpose of improving a road according to the provisions of said statute, and they are limited in so doing only by the rate and limit prescribed in the Constitution, and by Chapter 108a, of the Ky. Statutes, 1915, which provide that the levies for all purposes shall not exceed the rate and limit, there prescribed.

The two resolutions of the fiscal court complained of

seem to be within the power, authority, and jurisdiction granted to the fiscal courts of the State by the various statutes upon the subject.

It is, therefore, adjudged that the judgment appealed from be affirmed.