# Wright v. Morris, et al., Board of Education of Marion Graded School District.

(Decided January 15, 1926.)

## Appeal from Crittenden Circuit Court.

Schools and School Districts—Sheriff Could Not Collect Fee for Service Not Actually Rendered.—Where board of education and sheriff both overlooked Acts 1922, c. 35, and board collected taxes in old way, sheriff could not recover commission he would have received if he had collected school taxes, in view of Ky.

Stats., section 1749, subd. 1, prohibiting fees for services not actually rendered.

J. G. ROCHESTER for appellant.

C. S. NUNN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, as sheriff of Crittenden county, sued the appellees for $636.40 which he alleges should be paid to him as his commission on $16,484.34 taxes levied by the defendants, which the plaintiff should have had an opportunity to collect.

By chapter 35, page 134 of the Acts of the General Assembly for the year 1922, the law relative to schools in fourth class cities was so changed as to require the school taxes in those cities to be levied by the board of education, and provided that that board should then certify its action to the fiscal court of the county, and the fiscal court should cause the taxes accruing under that levy to be added to and included in the regular tax bills rendered by the county for county purposes, and cause the same to be collected in the same manner and at the same time as the county revenue was collected.

Both plaintiff and defendants entirely overlooked this act. The defendants collected their revenue in the same old way, and the plaintiff did nothing until after the taxes had been collected. Then, by some means, he discovered that he should have been allowed to collect them, and he began this suit for the commissions which he would have earned if he had collected them. The action of the court in sustaining a demurrer to his petition was correct, for by subsection 1 of section 1749 of the Kentucky Statutes, it is provided: "No officer shall demand or receive for his services . . . any fee for services not actually rendered."

The judgment is affirmed.