# Harlan County v. Blair et al.

(Decided May 13, 1932.)

J. B. CARTER for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

This record raises two questions respecting the compensation of county officers for services in conducting primary elections. The first concerns the compensation of the sheriff for delivering the ballot boxes to the seventy-two precincts in Harlan county for the August pri-

mary in 1930, and the second relates to fees for the county clerk for delivering ballots and supplies to the same precincts for the same primary. The Harlan fiscal court, at its October term, 1930, entered an order allowing J. H. Blair, the sheriff, "for his services as sheriff in delivering seventy-two Democratic and seventy-two Republican ballot boxes for the August, 1930, primary election, the sum of $432.00." The amount was ascertained by multiplying the total number of ballot boxes delivered by the $3 allowed for the delivery of each ballot box.

At the same time another order was entered allowing M. G. Smith, the clerk, "for his services as county clerk in delivering Democratic ballots and supplies for seventy-two precincts and the Republican Ballots and supplies for seventy-two precincts for the August Primary Election in 1930, the sum of $288.00." The amount was reached by allowing $2 for delivering the ballots for each political party to each precinct in the county. The county attorney, on behalf of Harlan county, prosecuted an appeal from each of the orders to the Harlan circuit court. It was agreed in the circuit court that the clerk actually delivered the ballot boxes as directed by the act of 1930 (chapter 49, Acts of 1930, Ky. Stats., Supp. 1931, sec. 1468), and the sheriff did not in fact deliver any of the ballot boxes. The sheriff claimed, and the fiscal court allowed, the compensation to him on the ground that the duty of delivering the ballot boxes was imposed by law upon the sheriff when he was elected, and that the statute thereafter enacted transferring the duty to the clerk did not deprive the sheriff of his right to compensation. The sheriff's contention rests on the ground that the Constitution forbids the change of a county officer's compensation during his term of office. Const. sec. 161.

The clerk claimed, and the fiscal court awarded him, compensation, on the ground that the clerk is entitled to pay for the services required of him in furnishing the ballots and supplies. The circuit court sustained both orders, and Harlan county has entered a motion for an appeal in each instance.

1. At the time of the election of the present sheriff of Harlan county, the statute required him "to provide for each precinct or voting place in the county, and at the expense of the county, to be paid out of the county funds upon order of the county court and allowed by the fiscal court," the ballot boxes for general elections.

Ky. Stats., 1930 Ed., sec. 1468. The Primary Election Law provided that the laws governing general elections should apply to elections held thereunder. Section 1550-29.

There was no provision of law for allowing compensation to the sheriff for such service. The clause in section 1468, to the effect that the ballot boxes furnished by the sheriff should be "at the expense of the county," referred to the cost of providing the boxes, and did not embrace compensation to the sheriff for his services. Expenses incurred in performing services is distinct and separate from fees allowed for rendering such services. Fees to an officer are a recompense for his services, while expenses allowed him are designed to indemnify or reimburse him for funds expended in performing his duties. In the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Wortham v. Grayson County Court, 13 Bush 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Bruner v. Jefferson Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271. Indeed, officers are forbidden to demand or to receive fees for services rendered when the law has not fixed a compensation therefor. Ky. Stats., sec. 1749; Wortham v. Grayson County Court, 13 Bush 53; Wright v. Morris, 212 Ky. 403, 279 S. W. 631.

Since the county was not authorized to allow compensation to the sheriff for the service required of him, it is unnecessary to consider the further question argued concerning the power to change the compensation of the sheriff during his term of office. Cf. Olive v. Coleman, 228 Ky. 127, 14 S. W. (2d) 404, and Robert v. Walker, 227 Ky. 591, 13 S. W. (2d) 761.

2. It is insisted on behalf of the clerk that the allowance made to him for delivering the ballots and supplies was authorized by the law applicable to him when he was elected and assumed his office. Section 1465, Kentucky Statutes, made it the duty of the clerk to provide the ballots and supplies for elections, while section 1452 provided that "the printing and delivery of the ballots and cards of instruction to voters hereinafter described shall, in municipal elections, be paid for by the several cities respectively; and in all other elections the

780 

printing of the ballots and cards of instructions for the voters in each county, and the delivery of them to the several voting precincts, shall be paid for by the several counties respectively.''

The same provisions are made applicable to primary elections. Section 1550-29.

The provisions mentioned do not authorize the payment of fees to the clerk for his services. They provide merely for payment of the necessary expense incurred in procuring and delivering the ballots and supplies, and do not contemplate the payment of fees to the officer for his work.

It is said that it has been the custom to pay a reasonable compensation for such services, and that it would be unfair to require the services without compensation. If such be the fact, it is a matter to be corrected by the General Assembly. The mere custom of the counties, without express authority of law, could not justify payment of a claim when it is expressly forbidden by law. Ky. Stats., sec. 1749.

The courts are required to interpret and to expound the law as it is written, and the rule is firmly established that a county is not permitted to pay for the services of officers, unless expressly authorized to do so by statute. The statute relied upon is not susceptible to the interpretation claimed, and hence the orders of the Harlan fiscal court were erroneous.

The appeal prayed is granted in each case, and both judgments are reversed for proceedings not inconsistent herewith.