## Taylor, for Use and Benefit of Laurel County, v. Scoville.

(Decided Feb. 16, 1934.)

810

MARTIN T. KELLY for appellant.

H. C. CLAY and J. K. LEWIS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

J. J. Taylor, for himself and all other taxpayers of Laurel county, brought this action on January 27, 1932, against Warren Scoville, who was the sheriff of the county from January, 1926, to January, 1930, alleging that Scoville, as sheriff, during his term of office had collected a number of sums for which no compensation was allowed by law, amounting in all to $2,945.89, for which judgment was prayed against the sheriff; the items sued for being specifically set out in the petition.

Scoville demurred to the petition. His demurrer was overruled. He filed answer controverting the allegations of the petition and pleading a counterclaim. On final hearing, after the issues were made up, the circuit court entered a judgment against the sheriff for $448.36, with interest from the filing of the petition and cost. From this judgment Taylor appeals, and Scoville has prosecuted a cross-appeal.

■ The first question in the case arises on the motion of the defendant to dismiss the action on the ground that the taxpayers had no right of action until the fiscal court refused to sue. The evidence on this question is very conflicting, but the circuit judge saw and heard the witnesses, and ordinarily this court does not disturb his finding on a question of fact where it turns simply on the credibility of the witnesses. If the testimony for the plaintiff was true, he demanded that the fiscal court bring the suit and the fiscal court refused to do this. His testimony on this subject is confirmed by other circumstances indicating that the fiscal court did not want the suit brought. The finding of the circuit court will not therefore be disturbed.

■ Among the claims sued for was $331.81, which Scoville had been paid by the fiscal court for delivering the ballot boxes. This precise question was presented to this court in Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028, 1029, where the court, after holding that there was no provision of law allowing a compensation to sheriffs for such services, added this:

"In the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Wortham v. Grayson County Court, 13 Bush, 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271. Indeed, officers are forbidden to demand or to receive fees for services rendered when the law has not fixed a compensation therefor. Ky. Stats. sec. 1749; Wortham v. Grayson County Court, 13 Bush, 53; Wright v. Morris, 212 Ky. 403, 279 S. W. 631."

Judgment was directed in that case in favor of the county. The circuit court here properly followed the rule there laid down.

It is insisted on the cross-appeal that $64 of this sum was for serving notices and was properly paid him. His own testimony on direct examination tends to this effect, though not positive as to the amount, but his cross-examination on this matter concludes thus: "Q. Did you state that in your claim? A. I don't know." In the absence of any other evidence that this matter was included in the claim allowed by the fiscal court, the court's judgment was proper.

■ Another claim sued for as improperly paid by the fiscal court is for serving supervisor's notices, 1926, $257.29; 1926, $11.45; 1927, $252.95; 1928, $622.65; 1929, $595.70; total $1,740.04.

By section 4122, Kentucky Statutes 1930, which is an act of 1928, the sheriff is allowed for his services 50 cents for each notice executed and returned by him, to be paid out of the county levy, except when the notice is executed by mail, and then only 10 cents for each such notice executed and returned by him. This act was passed two years after the sheriff was elected. The

act in force when he was elected was the act of 1918 (chapter 120), which provided that the sheriff should receive a reasonable compensation for his services in serving these notices, to be paid by the fiscal court. The circuit court refused to charge the sheriff with any part of the above sums and of this appellant complains.

By section 161 of the Constitution the compensation of any county officer shall not be changed after his election. The rights of the sheriff must therefore be determined under the act of 1918. Neutzel v. Fiscal Court, 183 Ky. 1, 208 S. W. 11. Under the act of 1918, the sheriff was entitled to a reasonable compensation for his services in serving these notices, to be paid by the fiscal court. When he presented his claim to the fiscal court, that court had jurisdiction to determine what was a reasonable compensation for his services, and no appeal having been taken from that judgment, it is in force. The evidence before us does not show the facts that were before the fiscal court when this order was made, and it must be presumed that the fiscal court acted properly.

■ By section 1596a-14, the county board of election commissioners shall be paid, for all services they may render under the act, $2 a day while actually in session, but no member shall be paid more than $20 for his services during any year. The fiscal court allowed the sheriff, and he was paid, for serving as election commissioner in one warrant, $33, and in another $21.06; total $54.06. It is insisted that these payments were unauthorized for all above $40. But the sheriff served four years. It does not appear for what year the allowances were made, or that the sheriff was paid for any year more than $20. The circuit court properly so held.

■ The sheriff was allowed and paid by the fiscal court $100 for arresting Shelton Delph. This payment was complained of in the petition and in the answer the five years' statute was relied on. The circuit court sustained the plea of limitation to this claim. There was no reply to the answer, and on all the facts the court was warranted in concluding that this payment was made in October, 1926, and more than five years before the suit was brought.

■ The sheriff was allowed and paid by the fiscal court for serving road orders $16, also $52.60, and for

notice to road supervisors $1.50. By section 1726, Kentucky Statutes, the sheriff is allowed for serving each order of court in applications concerning roads, to be paid out of the county levy, if the road is established, 50 cents. There is no showing that the roads were not established, and in fact there is no evidence that the fiscal court in any respect failed in its duty in this matter. The sheriff, by the same statute, is authorized to receive 25 cents for serving a notice. In the absence of evidence to the contrary, or any showing on this subject, it cannot be presumed that the fiscal court acted improperly, and the circuit court properly so held.

■ Another disputed claim is for services in liquor cases, amounting to $428.64. The court, by its opinion, held $45 of this unwarranted, leaving a balance of $383.64, which in the opinion is not disturbed, but in the judgment $45 seems also to have been credited to reach the amount of $448.36. The right of the sheriff to be paid $5 by the county for his services in these liquor cases was before this court in Bell County v. Minton, 239 Ky. 840, 40 S. W. (2d) 379, 381, where, after quoting section 2554a-16, Kentucky Statutes, the court said:

"The language of the statute contemplates that the fee should be taxed, not only against the defendant, but paid by him in cash or by confinement in jail at hard labor. When taxed as provided by this section of the statute, if the convicted defendant fails to so pay it in the manner and form in which the fine by law is required to be satisfied, in that event it becomes the duty of the fiscal court to pay it to the arresting officer out of the county funds. The taxing of the fee and the so collecting of it of the convicted defendant are made by the statute conditions precedent to the liability of the county for its payment to the arresting officer. A convicted defendant is primarily liable to the arresting officer for the payment of the fee, and the county is only contingently liable, i. e., [a] if it be taxed as costs, and [b] not paid by the convicted defendant. Without the $5 arresting fee having been so taxed and thereby becoming a part of the punishment against the convicted defendant, such defendant is not liable to the arresting officer for it. At most, the officer has nothing more than an open account against the defendant for the arresting fee."

On the facts there the court held that the $5 tax fee in such cases could not be collected by the sheriff from the county. That was an action brought by the officers against the county to recover their fees under the statute where the fiscal court had not allowed them, and the burden was on the plaintiffs to make out their case. This is an action brought by taxpayers to recover money paid out by the county under the orders of the fiscal court on the ground that the claims were not authorized by law to be paid by the fiscal court and that the fiscal court had no authority to allow or pay them. The authority of the fiscal court to act in the premises depends upon the facts before the court. Summing up the evidence in this case, the court said:

"During the progress of the trial, plaintiff's attorney seemed to have the claim filed by the sheriff with the fiscal court, in which he asked to have these above allowances made to him, but that claim was not filed as an exhibit with the record. Not very many cases were specifically asked about at all. Some eight or ten cases that were specifically asked about it, seemed from the testimony no costs were taxed, the others were not asked about it at all except in a general way. The court has concluded to deduct from the above claim the sum of $45.00 and allow the defendant $283.16."

It is a settled rule of this court not to disturb the finding of the circuit court on the facts on doubtful evidence, for the circuit court sees and hears the witnesses and knows local conditions. The case involved a long, complicated account, and in such suits the judgment of the circuit court is not disturbed on minor items not substantially affecting the result. The fiscal court had authority to act on these matters and to make such allowances as was proper. As to what actually was before the fiscal court, the evidence before us is very meager, and on the whole case the judgment on this item cannot be disturbed, for the plaintiff can only recover in this character of action where the fiscal court makes an appropriation not authorized by statute. The action does not lie where the fiscal court had authority to act and simply reached the wrong conclusion as to the amount to be allowed. Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005, and cases cited; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

The judgment rests upon the opinion of the court which is set out in full in the entry on the order book and if a mistake was made in figuring up the amount of the judgment this may be corrected in the circuit court on motion.

■ By mistake the sheriff paid $241, in settling his taxes, more than he owed to the county. When this was shown to the fiscal court, it made an order directing the $241 to be repaid to him. The money had simply been paid by mistake. There is no dispute about its being an overpayment. The fiscal court had authority to correct a mistake of this kind. The order was properly sustained by the circuit court.

■ The sheriff by his answer pleaded as a counter-claim that during each of the four years of his term the board of election commissioners delivered to him for execution written notices of the appointment of the election officers in each of the thirty-two precincts in the county; that regular elections were held in the county every year; and that he executed the notices on each of the four election officers in each precinct every year, for which services he was entitled to 25 cents, amounting in all to $224. The circuit court disallowed the counter-claim, and of this he complains. Section 1596a-3 of the Kentucky Statutes, after providing for the appointment of the election officers by the county board, adds this:

"The county board of election commissioners shall give due notice of said appointment of election officers to the sheriff of the county, who shall, before the day of the next ensuing election and within ten days next after said appointments, give each officer of election written notice of his appointment." Section 1540 provides:

"The cost of all elections held in any county shall be allowed by the fiscal court of such county, and paid by the county treasurer, except as otherwise provided by law."

Section 1726, Kentucky Statutes, provides that the sheriff shall be allowed to charge and collect the following fees: "For serving a notice, 25c." The fiscal court had declined to allow the claim and the sheriff insists that he should have credit for it in this action.

The question presented is: Do these provisions make this a claim under the rule laid down in Harlan

County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028, which may be pleaded as a set-off or counterclaim in this action?

In White v. Walker, 226 Ky. 326, 10 S. W. (2d) 1071, 1072, the taxpayer of Whitley county brought a suit against the county superintendent to recover money which had been paid to him by the board of education but did not make the board of education a party to the action. Holding that the action could not be maintained, the court said:

"Since the judgment is not binding on the county board of education, the controversy could not properly be determined without its being made a party to the proceedings."

Harlan county was not a party to this action, nor was the fiscal court. The liability of the county to the sheriff for this money could not be determined in the action when it was not before the court. When the fiscal court disallowed the claim, the sheriff's remedy was by appeal to the circuit court, and the set-off here was properly refused.

The court in its opinion and by the judgment held that the sheriff was not entitled to the following other items which had been paid by the fiscal court, $100.57 for arresting person operating moonshine stills, $12.36 for summoning inquest jurors, and $3.62 for notices for juvenile and fiscal courts, on the ground that there was no statute authorizing these allowances. Complaint is made of this on the cross-appeal, but we are cited no statute authorizing these items and concur in the conclusion of the circuit court.

Judgment affirmed on the original and on the cross-appeal.