## Bates, Ex-County Court Clerk, v. Greenup County.

March 12, 1940.

Robert R. Friend, Special Judge.

J. D. Atkinson for appellant.
Oscar Sammons for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming on appeal and affirming in part and reversing in part on cross-appeal.

Greenup county, through and by Oscar Sammons, county attorney, instituted this action in the Greenup circuit court, seeking recovery of the amount of $1,760, which it claimed had been improperly and without legal authority paid the appellant, J. B. Bates, ex-county court clerk, for services claimed rendered by him to the county board of election commissioners in connection with eleven elections, general and primary, held during the five year period of August, 1933, to November, 1937, inclusive.

It is shown by the record that the appellant, Bates, ex-county court clerk, in March, 1938, following the termination of his sixteen year tenure of office, filed his claim in the fiscal court for the amount of $1,760, represented by the certified statement of account filed as being the amount owing him for "32 ballots, etc., furnished at a unit price of $5.00" for use in the aforesaid eleven elections, which was by the fiscal court at its regular meeting on March 8, 1938, allowed.

It further appears that the appellant, becoming advised that the county attorney was challenging the propriety of the fiscal court's allowance of this claim to him, upon the ground that the ballots for which payment was being asked had already been paid for by the county

and that nothing was owing him therefor, or, as he states it, "seeing that the county attorney was going to be technical," requested the fiscal court to set aside his statement of account as first submitted and its order made allowing the claim and that he be permitted to file a corrected and accurate statement of his claim. The fiscal court acceded to his request and at its April 5 meeting, he filed in substitution a statement of his account, in which he set out that the said amount of $1,760 was owing him for "clerical help, etc.," rendered in connection with the eleven elections held in the county during the five year period next preceding the termination of his tenure of office.

Also it appears that the court, being advised that it did not have sufficient funds in the election item of its budget, conferred with the county budget commission as to transferring the amount of plaintiff's claim, $1,760, from the reserve fund of the budget over to its election item fund, which was done, whereupon the court, at its April 7, 1938, called meeting, entered an order allowing Bates the amount of his claim, pursuant to which a warrant was issued to him in the amount of $1,760, which was duly paid him.

Challenging the validity of the fiscal court's proceedings and its allowance and payment of this claim, the county attorney brought this suit, for the use and benefit of the county, to recover the $1,760 from Bates, on the ground that the fiscal court had acted without authority in allowing Bates' claim and in paying him the $1,760.

Following pleadings made up the issues, when by agreement of parties the cause was submitted to the trial court without a jury for his hearing and judgment.

The court found as a fact and so adjudged that the defendant rendered certain compensable services in connection with the eleven elections held in the county during the five year period mentioned (that is, in registering and listing the names of candidates in the primary elections) for which he was due fees in the amount of $84 and that for all other services referred to in the pleadings and evidence as rendered by him he was entitled to receive the amount of $990, the last named sum being found and adjudged to be the reasonable value of his

services rendered the county election commissioners, for which the fiscal court was authorized to allow him compensation.

Both parties, complaining of this judgment as improper, have prosecuted appeals.

The appellant, Bates, appeals, complaining that the court erred in allowing him to retain but $1,074 of the $1,760 the fiscal court had allowed him as the reasonable value of his services rendered, under authority of sections 1550-30 and 1482, Kentucky Statutes.

The county, on the other hand, attacked the judgment as improper and erroneous in allowing appellant recovery in any amount, upon the ground that his claim for services rendered the county in the manner stated was illegal and the fiscal court's order allowing it void.

Several questions were raised by demurrers, both general and special, filed to the petition, which we conceive the trial court properly overruled. We therefore deem it unnecessary to here discuss them, but will confine our consideration to the main question here presented, which involves the propriety of the trial court's order in adjudging recovery to the appellant ex-county court clerk for his services rendered, and the further question of whether or not, if the fiscal court were authorized to make any allowance to the clerk for his services (as being legally compensable), the amount allowed of $1,074 was proper as authorized by the law and facts.

Entering upon our consideration of these questions, it may be well to state that the rule of law applicable to their determination is well settled and has been repeatedly declared by this court to be as announced in the case of Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271, 272:

> "The power of the fiscal court is conferred by statute, and it possesses no authority not delegated to it, expressly or impliedly, by some provision of law. Jefferson County v. Jefferson County Fiscal Court, 220 Ky. 678, 299 S. W. 209; Crick v. Rash, 190 Ky. 820, 229 S. W. 63; Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323; Russell County v. Hill, 164 Ky. 360, 175 S. W. 988; Hollis v. Weissinger, 142 Ky. 129, 134 S. W. 176; Jefferson County v. Peter, 127

Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813.''

Again, in the case of Taylor, for Use and Benefit of Laurel County, v. Scoville, 252 Ky. 809, 68 S. W. (2d) 423, 424, the court quoted with approval a like statement of the rule made by the court in the case of Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028, 1029, which is as follows:

"In the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Wortham v. Grayson County Court, 13 Bush 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271. Indeed, officers are forbidden to demand or to receive fees for services rendered when the law has not fixed a compensation therefor. Kentucky Statutes, section 1749; Wortham v. Grayson County Court, 13 Bush 53; Wright v. Morris, 212 Ky. 403, 279 S. W. 631.''

Further, it is an equally well settled rule that county governments never become indebted by implication to any of their agents, and in order to show that a county is responsible for a claim, the claimant must show a legal obligation on the part of the county to pay it. Wortham v. Grayson County Court, 13 Bush 53; and a statute authorizing its payment. Commonwealth v. Baske, 124 Ky. 468, 99 S. W. 316; Mills v. Lantrip et al., 170 Ky. 81, 185 S. W. 514.

Appellant, in support of his claim based upon services alleged rendered the county in connection with the eleven elections held therein during the aforesaid five year period next preceding the expiration of his term of office as county court clerk, testified that he had listed and registered such a number of names of candidates in the primary elections, during the five year period stated, as, when computed at the fees authorized to be charged under the statute by him as county court clerk therefor, amounted to the sum of $84. This service fee claimed

the lower court held was properly allowed and paid by the fiscal court.

As to the other services rendered and claimed for by the ex-county court clerk, the trial court reduced the amount of recovery allowed by the fiscal court therefor to the sum of $990, as representing the reasonable value of the election services rendered, for which the fiscal court was authorized to award him compensation.

The appellant's testimony as to this, however, is that the fiscal court's allowance to him therefor was proper, as representing the reasonable value of the services rendered by him ex-officio as county court clerk to the board of election commissioners, in acting as its clerk and in assisting it in counting and certifying the ballots and the result of the elections.

He states that these services, for which he makes claim, were rendered to the election commissioners by him and four of his deputy clerks at each of the eleven elections for a period of five days, for which he was really entitled to recover for himself $10 or $12 a day and for his clerks $5 a day, and for which the fiscal court had made an allowance to him of $1,676, as being the reasonable value of such services.

The learned trial court found this sum excessive and to have been improperly allowed by the fiscal court and adjudged that Bates recover only the smaller amount of $990 therefor and further adjudged that the county recover from him, with interest from the time the allowance and payment was made him on April 7, 1938, the difference between such amount and that allowed and paid him on April 7, 1938.

Section 1842, Kentucky Statutes, upon which the appellant relies as authorizing the fiscal court's allowance of the full amount of his claim, provides in part, so far as here pertinent, that "the county clerk shall assist the county election commission, and shall act as its clerk in the counting and certifying of the ballots and the results of said election, for which he shall receive compensation to be allowed by the fiscal court."

It is to be noted that this statutory provision quoted expressly authorizes the county clerk to receive compensation and to have same allowed him by the fiscal court

for such services rendered by him to the county election commission.

It is to be also noted that this statutory provision authorizes the recovery of compensation for such services where performed ex-officio by the county clerk and by him only. He alone is by the statute directed to render these services and he alone is to receive a reasonable compensation for them.

Such being the limitation of the statute upon the extent of the compensable services to be furnished ex-officio by the clerk to the county election commission, the clear negative implication of this authorization of the statute is that, he alone being directed to render ex-officio such election services to the commission in acting as its clerk, to count and certify the ballots and the result of the election, no other one than he is authorized to render such ex-officio services and be allowed to receive compensation therefor as such.

Such being the limited authorization of the statute, we are constrained to conclude that the trial court's judgment, in allowing recovery to the clerk in an amount covering the services of both himself and his deputies, was, when measured by the rules above announced, erroneous, where he alone was authorized to serve, and also in allowing recovery to appellant of excessive compensation for his own services claimed rendered by him.

Appellant claims that his personal services alone were worth $10 or $12 a day in counting the ballots cast and certifying the returns at these eleven elections held during the five year period and that the performance of these services required an average of five days. In fact, he testifies that Greenup county stands next to Jefferson county in the time required for counting the ballots cast in its thirty-two precincts.

It is sufficient answer to this, if such five day period were used and taken up by the election commission and the appellant, when assisting it, that such length of time was not reasonably required for counting such vote nor can we in good faith wink at this extravagant claim made, as it is directly contrary to our common sense and general information in regard to the time required in the several counties substantially alike in size and population with Greenup county, that no such length of time

is required for counting the vote cast in those counties, but that the ballots are counted and the election returns certified generally within a day or two.

No reason is given by appellant as to why, or due to what special facts applying only to the counting of the vote in Greenup county, it requires more than double the time to count the vote in that county than it does in other counties of like size, in which practically the same number of ballots are cast.

Also, in reference to the reasonableness of appellant's claim as to what is a proper allowance of compensation to be made him by the fiscal court for these election services claimed for, the fact is to be considered that appellant is made ex-officio, by section 1482, clerk of the county election commission and directed to assist it in the work of counting ballots and certifying election returns and while his duties called for in rendering such assistance are perhaps somewhat more onerous and burdensome than those imposed on the election commissioners, it appears that for their services they are each allowed but $2 a day.

By section 1596a-13, it is provided that members of the state board of election commissioners "shall be paid for all their (like) services under this act (relating to elections) five dollars ($5.00) per day while so in session." (Parentheses ours.)

Also, by subsection 14 of the above section, it is provided that the compensation to be paid members of the county boards of election commissioners in the several counties "for their services in the holding of elections, and in determining the results thereof, shall be fixed by the Fiscal Courts of such counties, and in determining a proper and reasonable allowance for the members of said County Boards of Election Commissioners, the Fiscal Court may take into consideration the number of votes counted by said Board or its assistants, the cost of counting said votes, and the number of days necessary for said Board to be in session in the performance of its duties."

Appellant testifies that the compensation fixed by the fiscal court of Greenup county for the services rendered by the county election commissioners is $2 per day.

From our consideration of the above cited statutory provisions, we find that by section 1482 it is directed that the county court clerk shall be paid for the therein designated services rendered the county election commission, which are exactly of the kind and character as the services rendered by the county election commissioners, and by that section it is further directed that the fiscal court shall allow a reasonable compensation therefor.

Clearly the county's contention that no allowance should be made Bates, ex-county court clerk, for these services rendered is untenable.

The only question, therefore, remaining before us for decision is what is the reasonable value of the services rendered by appellant to the Greenup county election commission, as authorized by section 1482, Kentucky Statutes.

We are of the opinion that the trial court's award of $990 for these services rendered, while being much less in amount than that improperly allowed Bates by the fiscal court for these services, is yet not justified nor sustained by the evidence, even when accepting appellant's claim, in that it appears unanswered by contrary evidence, that he rendered to the election commission the directed assistance for a five day period at each election, as we can not find warrant nor justification for fixing the reasonable value of such services at more than $5 a day, making the total compensation allowable to him of $25 for each election, which amount is much in excess of the allowance for similar election services made by the fiscal courts of other counties of approximately like size and population.

We are, therefore, led to conclude that the trial court erred in awarding to appellant, as a reasonable compensation for his services rendered ex-officio to the county election commission, any amount in excess of $25 for each election or $275 for the services rendered by him at such rate in the eleven elections, for which he claims compensation.

It is therefore our conclusion, after a careful study and consideration of the record, that appellant is entitled to recover of the county for the services rendered it as stated the sum of $84, being fees for listing and registering the names of candidates, and the further sum

of $275 for his services rendered the election commission, or a total sum of $359, to which extent the judgment of the trial court is affirmed.

Further, it is our conclusion that the appellee, Greenup county, is upon its cross-appeal entitled to a reversal of the trial court's judgment to the extent same allows recovery to appellant of more than $359 for his services rendered and is further entitled to recover the difference between such amount of $359 and the $1,760 allowed and paid him by the fiscal court on April 7, 1938, or $1,401 with interest upon such amount from the date above stated, when $1,760 was received from the county by appellant.

Therefore, the cause is remanded to the trial court, with instructions to set aside its judgment rendered and enter, in lieu thereof, judgment in accordance with this opinion.

Judgment affirmed on appeal.

Judgment affirmed in part and reversed in part on cross-appeal.

Judge Rees not sitting.